1   SHERYL K. ITH (SBN 225071)
    sith@cookseylaw.com
2   COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
    535 Anton Boulevard, Tenth Floor
3   Costa Mesa, California 92626-1977
    (714) 431-1100;  FAX:  (714) 431-1119
4
    Attorneys for Secured Creditor,
5   EXETER FINANCE LLC

6

7

8                   UNITED STATES BANKRUPTCY COURT

9         CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION

10

11  In re                              | Case No.: 6:23-bk-12440-RB

12  TODD DIEDRICH and ASHLEY ESQUIVEL, | Chapter 13

13                                      | **OBJECTION TO CONFIRMATION OF**
                            Debtor(s).  | **PROPOSED CHAPTER 13 PLAN;**
14                                      | **DECLARATIONS IN SUPPORT**
                                        | **THEREOF**
15
                                        | 341(a) Meeting of Creditors:
16                                      | Date:   07/12/2023
                                        | Time    9:00 am
17
                                        | Confirmation Hearing:
18                                      | Date:   08/23/2023
                                        | Time:   11:00 pm
19                                      | Ctrm:   303

20

21      EXETER FINANCE LLC ("Exeter"), a creditor of the above estate, hereby submits the

22  following Objection to Confirmation of Debtors' proposed Chapter 13 Plan of Reorganization.

23

24                      **REQUEST FOR JUDICIAL NOTICE**

25      Pursuant to Federal Rule of Evidence 201 as incorporated by Federal Rule of Bankruptcy

26  Procedure 9017, Exeter respectfully requests this Court take judicial notice of:

27      (1) Debtors' proposed Chapter 13 Plan on file herein, attached as Exhibit "A".

28

6:23-bk-12440-RB                        1                        OBJECTION TO CONFIRMATION

1    (2)  Schedules I and J on file herein and attached to Debtor's Petition, attached as Exhibits

2       "F" and "G", respectively.

3

4                **FACTUAL BACKGROUND**

5    On September 17, 2019, Debtors entered into a Retail Installment Sale Contract (the

6   "Contract") for the purchase of a 2015 FORD F150, VIN: 1FTEW1EG6FFA11025 (the "Vehicle").

7   The Contract was assigned to Exeter in the normal course of business. A copy of the Contract and

8   electronic "paperless" title information maintained in the database of the California DMV is attached

9   hereto as Exhibit "B" and Exhibit "C", respectively. Exeter's Proof of Claim has not yet been filed,

10  but expects the proof of claim to be filed shortly in the amount of $27,256.73. (See Declaration of

11  NANCY WAFER).

12

13               **GROUNDS FOR OBJECTION**

14    Exeter objects to Debtors' proposed Chapter 13 Plan of Reorganization on the following

15  grounds:

16    1.    <u>RETAIL VALUATION</u>

17    The amount of an allowed secured claim for a debt incurred 910 days or more before the

18  filing of a bankruptcy petition by or against a debtor and for the purchase of personal property

19  acquired for personal, family or household use is governed by 11 U.S.C. § 506(a) which provides:

20             If the debtor is an individual in a case under chapter 7 or 13, such
21         value with respect to personal property securing an allowed claim shall be
             determined based on the replacement value of such property as of the date
22         of the filing of the petition without deduction for costs of sale or
             marketing. With respect to property <u>acquired</u> for personal, family, or
23         household purposes, replacement value shall mean the <u>price a retail</u>
             <u>merchant would </u>charge for property of that kind considering the age and
24         condition of the property at the time value is determined. [Emphasis
             added].
25

26    In the instant case, Debtor acquired the Vehicle for "personal" use as evidenced by the

27  Contract wherein Debtor stated that the Vehicle was to be used primarily for personal, family or

28  household use. (See Exhibit "B"). As such, §506 requires that Debtor pay Exeter's secured value at

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1    the "price a retail merchant would charge." Exeter asserts that the "price a retail merchant would

2    charge" is most accurately measured by the "retail" value of the Vehicle.

3        In determining claim valuation Courts routinely find industry guides (such as the *J.D. Power*

4    *Market Value Guide*, formerly known as the *NADA Guides* ("*J.D. Power Market Value Guide*")) are

5    appropriate evidence of value. In re Thayer, 98 B.R. 748 (BK W.D.VA 1989).

6        Pursuant to F.R.E. 803(17), a "market report" or "commercial publication" is admissible as

7    an exception to hearsay. (F.R.E. 803(17)). F.R.E. 803(17) specifies that, "Market quotations,

8    tabulations, lists, directories, or other published compilations, generally used and relied upon by the

9    public or by persons in particular occupations," qualify as "market reports" or "commercial

10    publications." The *J.D. Power Market Value Guide* qualifies as a "market report" or "commercial

11    publication" based upon its semi-annual, nation-wide publication of "market reports" and/or

12    "commercial publications" wherein quotations for vehicles of a particular make, model and year are

13    published for public and commercial purposes. Furthermore, the *J.D. Power Market Value Guide* is

14    a "market report" or a "commercial publication" regularly relied upon by Exeter in ascertaining

15    values for vehicles in the normal course of its business.    As such, values from the *J.D. Power*

16    *Market Value Guide* are admissible as evidence for determining the replacement value of the

17    Vehicle.

18        Debtor contends that the replacement value of the Vehicle should be $12,700.00. Debtor

19    fails to provide any evidence to support Debtor's opinion that the replacement value of the Vehicle

20    should be $12,700.00.

21        Exeter asserts that the replacement value of the Vehicle is $24,425.00 based upon the "retail"

22    value of the Vehicle.  To demonstrate the Vehicle's estimated "retail value," attached to the

23    Declaration of GILBERT CARREON as Exhibit "D" is a true and correct copy of the *J.D. Power*

24    *Market Value Guide*'s online report which references a vehicle's retail value as well as the suggested

25    deductions or additions to such value for a vehicle's equipment and/or mileage. (Declaration of

26    GILBERT CARREON).  Examining Exhibit "D", a 2015 FORD F150 with similar equipment and

27    mileage to Debtor's Vehicle, has a "retail" value of $24,425.00. Based upon the "retail" value of the

28    Vehicle, Debtor's Plan should not be confirmed as proposed unless Exeter's secured claim is

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1    scheduled to be paid at the "retail" value of $24,425.00.

2

3       2.     INTEREST RATE

4       Debtors' proposed Plan fails to provide for the present value of Exeter's secured claim by

5 failing to provide the proper "formula" discount rate in conformance with 11 U.S.C.

6 §1325(a)(5)(B)(ii) and Till v. SCS Credit Corp.,124 S. Ct. 1951 (2004). The Supreme Court

7 determined in Till that the appropriate rate of interest for a secured claim should be determined by

8 the "formula approach." Id. The "formula approach" requires the Court to take the national prime

9 rate of interest and adjust this rate to compensate for an increased risk of default posed by Debtor.

10 Id. Factors which assist the Court in adjusting the prime rate of interest upwards include, but are not

11 limited to, items such as (1) circumstances of the estate; (2) the nature of the security; and (3)

12 duration and feasibility of the reorganization plan. Id. It is important to note that the Till Court's

13 reference to a 1-3% increase in the designation of risk appears only as dicta and does not limit the

14 total adjustment of risk added to the interest rate on a secured claim. Id.

15       Further, a creditor with a claim scheduled to be paid through a Chapter 13 plan where such

16 claim is not subject to 11 U.S.C. §506 is entitled to interest on the principal amount due at the time

17 of the filing of the bankruptcy petition. In re Robinson, 338 B.R. 70, (Bankr. W.D. Mo.); In re

18 Johnson, 337 B.R. 269, (M.D.N.C. 2006); In re Brown, 339 B.R. 818, (S.D. Ga. 2006).

19       In the instant matter, the national prime rate of interest as of June 7, 2023, was 8.25%.

20 (Exhibit "E", Declaration of GILBERT CARREON). Adjusting the interest rate upwards is

21 appropriate in this case because:

22       (1)     Debtor's Schedules I and J indicate that Debtor's disposable income of

23       $813.47 limits Debtor to a stringent budget ($0.47 for anything beyond scheduled expenses)

24       and therefore places Debtor at a high risk of default under the Plan which is set at the

25       maximum amount of 60 months. (See Debtor's Schedules I and J attached as Exhibits "F"

26       and "G"). If Debtor falls behind, Debtor will be unable to suspend payments or extend the

27       Plan any further thereby rendering the Plan a failure.

28

1        (2)    The Vehicle is a depreciating asset which loses value with continued use and

2    time.

3        (3)    The Plan provides for repayment of Exeter's secured claim over a period of

4    time which extends approximately 30 months beyond the original terms of the Contract and,

5    as a consequence, Exeter is exposed to additional risk of default.

6

7    Based upon the foregoing factor, the Court should adjust the national prime rate of interest of

8    8.25% upward three (3) percentage points as a result of the three (3) factors which demonstrates a

9    potential for default by Debtors (for purposes of measuring the appropriate interest rate, Exeter has

10    assigned each risk factor an interest rate percentage point of 1%). As such, Exeter objects to any

11    proposed Plan which fails to pay Exeter's secured claim with at least 11.25% interest.

12

13    3.    <u>PLAN DOES NOT PROVIDE FOR LIEN RETENTION</u>

14    Last, Exeter requests that Debtor amend the Plan to also include the lien retention language

15    in Section IV Non-Standard Plan Provisions. Per 11 U.S.C. §1325 (a)(5)(B), the Plan must provide

16    that Exeter shall retain its lien on the collateral described herein until payment in full of the

17    underlying debt owed to Exeter determined under nonbankruptcy law or the discharge of the Debtor

18    under 11 U.S.C §1328, whichever is earlier.

19

20    **CONCLUSION**

21    Any Chapter 13 Plan proposed by Debtors must provide for and eliminate the objections

22    specified above in order to be reasonable and to comply with the applicable provisions of the

23    Bankruptcy Code.

24    ///

25    ///

26    ///

27    ///

28    ///

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1    WHEREFORE, Exeter prays as follows:

2    1.    That confirmation of the Chapter 13 Plan be denied; and

3    2.    For immediate dismissal of the within Chapter 13 proceeding; or

4    3.    That as a pre-requisite to confirmation of Debtors' proposed Chapter 13 Plan, Debtors

5    meet and satisfy the above stated objections; and

6    4.    For such other and further relief as the Court deems just and proper.

7

8    DATE: _7/12/2023_                    COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

9

10                                    By: _____

11                                        SHERYL K. ITH
                                         Attorneys for Secured Creditor,
12                                        EXETER FINANCE LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1

2

3

**DECLARATION OF GILBERT CARREON IN SUPPORT OF**

**OBJECTION TO CONFIRMATION**

4      I, GILBERT CARREON, declare as follows:

5      1.      I am an Administrative Assistant with the law firm of Cooksey, Toolen, Gage, Duffy

6  & Woog, attorneys for Objecting Creditor, EXETER FINANCE LLC.  I have personal knowledge of

7  the facts contained herein, and if called upon to testify, I could and would competently testify to the

8  following.

9      2.      On June 27, 2023, I accessed the *J.D. Power Market Value Guide* web site and

10  printed the attached Vehicle Summary for a 2015 FORD F150 with mileage of 140,000 miles, which

11  reflects the Vehicle's "Retail" value of $24,425.00.   A true and correct copy of the *J.D. Power*

12  *Market Value Guide* online report is attached hereto as Exhibit "D".

13      3.      On June 27, 2023, I accessed the jpmorganchase.com/about/our-business/historical-

14  prime-rate web site and printed the attached Historical Prime Rate showing that the Prime Rate as of

15  June 7, 2023, was 8.25%. Attached as Exhibit "E" is a true and correct summary of the current

16  "Historical Prime Rate" downloaded and printed directly from jpmorganchase.com/about/our-

17  business/historical-prime-rate's website.

18

19      I declare under penalty of perjury under the laws of the State of California and the United

20  States that the foregoing is true and correct.

21      Executed on __July 12__, 2023, at Costa Mesa, CA.

22

23

24      _____

    GILBERT CARREON

25

26

27

28

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

## DECLARATION IN SUPPORT OF

## OBJECTION TO CONFIRMATION

I, NANCY WAFER, declare as follows:

1.      I am a Bankruptcy Specialist for Secured Creditor EXETER FINANCE LLC ("Exeter").   I am one of the custodians of the books, records and files of Exeter as to those books, records, and files that pertain to loans and extensions of credit given to Debtor concerning the Vehicle herein.  I have worked on the books, records and files of Exeter, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Exeter, which were made at or about the time of the events recorded, and which are maintained by Exeter in the ordinary course of business.  Any such document was prepared in the ordinary course of business by a person who had knowledge of the event being recorded and had or has a business duty to accurately record such events.  I am responsible for handling collection activity in connection with the account of Debtor and I have reviewed Exeter's books and records in connection with this matter.  I have personal knowledge of the facts contained herein and if called upon to testify, I could and would competently testify thereto.

2.      A true and correct copy of Debtors' Chapter 13 Plan downloaded from the Court's PACER docket is attached hereto as Exhibit "A".

3.      On November 17, 2019, Debtor entered into a Retail Installment Sale Contract (the "Contract") for the purchase of a 2015 FORD F150, VIN:  1FTEW1EG6FFA11025 (the "Vehicle"). The Contract was subsequently assigned to Exeter in the normal course of business.   True and correct copies of the Contract and the electronic "paperless" title information maintained in the database of the California DMV evidencing Exeter's interest in the Vehicle are attached as Exhibits "B" and "C", respectively.

///

///

///

///

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1    4.    Exeter holds a claim with respect to the Vehicle in the amount of $27,256.73. Exeter

2    will be filing a Proof of Claim to reflect this.

3

4    I declare under penalty of perjury that the foregoing is true and correct, and that this

5    Declaration was executed on ⟋July 11⟍    2023, at Irving, TX.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**535 ANTON BLVD., 10TH FLOOR; COSTA MESA, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN; DECLARATIONS IN SUPPORT THEREOF**    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 12, 2023, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Rod Danielson (TR)    notice-efile@rodan13.com**
- **Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email,NexusBankruptcy@jubileebk.net**
- **Arvind Nath Rawal    arawal@aisinfo.com**
- **United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov**

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) July 12, 2023, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**DEBTOR(S):**
Todd Diedrich
Ashley Esquivel
2052 Scott Drive
Helena, MT 59601

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 12, 2023 | GILBERT CARREON | /s/ Gilbert Carreon |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.