| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION**

| In re:<br><br>TODD DIEDRICH, and<br><br>ASHLEY ESQUIVEL,<br><br><br><br><br>Debtor(s). | CASE NO.: 6:23-bk-12440-RB<br>CHAPTER: 13 |
|---|---|
| | **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>**LBR 9013-1(o)(3)** |
| | [No Hearing Required] |

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): __12/19/2024__ Movant(s) filed a motion or application (Motion) entitled: DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY UNDER LBR 3015-1(p)

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): __12/23/2024__ Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than __17__ days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

9.    Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


Date: 01/10/2025          /s/Benjamin Heston_____
                          Signature


                          Benjamin Heston_____
                          Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 9013-1.2.NO.REQUEST.HEARING.DEC**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION DIVISION**

| In re:<br><br>TODD DIEDRICH, and<br><br>ASHLEY ESQUIVEL,<br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:23-bk-12440-RB<br>CHAPTER: **13** |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.   Movant(s) Todd Diedrich and Ashely Esquivel _____,
       filed a motion or application (Motion) entitled DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL
       PROPERTY UNDER LBR 3015-1(P) _____.

2.   Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a
       party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.   The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

       ☒   The full Motion is attached to this notice; or

       ☐   The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is
             attached to this notice.

4.   **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to
       LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve
       a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if
       you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 1                     **F 9013-1.2.OPPORTUNITY.HEARING.NOTICE**

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

   (1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

   (2)  Movant will lodge an order that the court may use to grant the Motion; and

   (3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date:  12/23/2024

/s/Benjamin Heston
Signature of Movant or attorney for Movant

Benjamin Heston
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>Benjamin Heston (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION    DIVISION**

| In re:<br><br>TODD DIEDRICH, and<br><br>ASHLEY ESQUIVEL<br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:23-bk-12440-RB<br>CHAPTER 13<br><br>**DEBTOR'S MOTION FOR AUTHORITY<br>TO REFINANCE REAL PROPERTY<br>UNDER LBR 3015-1(p)**<br><br>[No Hearing Required] |
|---|---|

Debtor moves this court for an order authorizing the Debtor to refinance the real property, described below, pursuant to the terms and conditions described herein.

1. Debtor's Chapter 13 Plan (Plan) was confirmed on: __10/12/2023__.

2. Debtor wishes to refinance the real property (Property) located at:
   12914 2nd Street
   Yucaipa, CA 92399

   The Property is more particularly described in Exhibit "A" attached hereto.

   ☐ Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this motion.

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3.  Debtor requests authority to borrow the sum of $ <u>278,000.00</u>      from
    Lender Name:  <u>PACIFIC DIRECT MORTGAGE & REAL ESTATE</u>
    Address:      <u>1400 N Dutton Ave #22 Santa Rosa, CA 95401</u>

    Debtor also requests authority to execute a promissory note secured by a ___first___ deed of trust on the Property.

4.  From the proceeds of this loan, the following encumbrances of record against the Property will be paid through escrow:
    a)  <u>Citadel Servicing / Wilmington Savings Fund Society</u>
    b)  _____
    c)  _____

5.  After payment of the foregoing encumbrances and all costs of sale:
    ☒ there will remain the approximate sum of $ <u>71,000.00</u>      ; OR
    ☐ no proceeds will remain.

6.  ☐ (a) The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to pay off the Plan with a:
            ☐ 100% dividend to unsecured creditors; OR
            ☐ _____% dividend as indicated in the confirmed plan.
        After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.
        **OR**
    ☒ (b) The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the Plan.  The refinance is in the best interest of the creditors.

7.  The escrow is being processed by:
    Escrow company name:  <u>Sterling West Escrow, Inc.</u>
    Address:              <u>12100 Wilshire Boulevard, Suite 700</u>
                          <u>Los Angeles, CA 90025</u>

    Telephone:            <u>Direct (424)276-2808 and email address: TCONWAY@Sterlingwestescrow.com</u>
    Facsimile:
    Escrow officer:       <u>Teddy Conway |</u>
    Escrow number:        <u>224241-TC-</u>

8.  Supporting documents attached to this Motion are:
    a.  Exhibit "A" – Legal Description with street address
    b.  Exhibit "B" – Escrow Instructions and Documents
    c.  Exhibit "C" – Estimated Closing Statement
    d.  Exhibit "D" – Schedules I and J of the bankruptcy petition

9.  Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the close of escrow as a condition to any approval of this motion.

Date: <u>12/19/2024</u>                          <u>/s/Benjamin Heston</u>
                                                 Attorney for Debtor

I declare under penalty of perjury that the following is true and correct.

Date: <u>12/19/2024</u>

                                                 _____
                                                 Debtor

Date: <u>12/19/2024</u>

                                                 _____
                                                 Joint Debtor

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 2                  **F 3015-1.15.MOTION.REFI.RP**

# EXHIBIT A

# <u>LEGAL DESCRIPTION</u>

**The land referred to herein is situated in the State of California, County of San Bernardino, City of Yucaipa and described as follows:**

All of Block 50, Subdivision No. 2 of a part of Yucaipa Valley, in the City of Yucaipa, County of San Bernardino, State of California, as per Map recorded in <u>Book 17, Pages 99 and 100</u>, of Maps, in the Office of the County Recorder of said County.

Saving and excepting that portion lying Northerly of the following described line:

Beginning at a point in the East line of Block 50, in the centerline of Second Street, which is South 317.60 feet from the Northeast Corner;

Thence at right angles West 660 feet more or less to a point in the West line of said Block 50. Also saving and excepting all that portion thereof lying Southerly of the following described line;

Beginning at a point in the East line of said Block 50, in the centerline of Second Street, which is 449.60 feet South of the Northeast corner of said Block;

Thence at right angels West 660 feet, more or less, to a point in the West line of said Block 50.

APN:  0319-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

(End of Legal Description)

<u>MAP</u>

THE MAP(S) CONNECTED HEREWITH AND PROVIDED IN CONNECTION WITH THIS TITLE PRODUCT IS/ARE BEING PROVIDED AS A COURTESY AND FOR INFORMATIONAL PURPOSES ONLY; THE MAP(S) SHOULD NOT BE RELIED UPON. FURTHERMORE, THE PARCELS SET OUT ON THE MAP(S) MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES. STEWART TITLE ASSUMES NO LIABILITY, RESPONSIBILITY OR INDEMNIFICATION RELATED TO THE MAP(S) NOR ANY MATTERS CONCERNING THE CONTENTS OF OR ACCURACY OF THE MAP(S).

# EXHIBIT B

**STERLING WEST**
**E S C R O W**

I HEREWITH CERTIFY THIS TO BE A
TRUE AND CORRECT COPY OF THE ORIGINAL

BY _T. Conway_

**Sterling West Escrow**
12100 Wilshire Blvd., Suite 700
Los Angeles, CA  90025

Phone:  (310) 696-0192
Fax:  (310) 696-0204

STERLING WEST ESCROW IS LICENSED AS AN ESCROW AGENT BY THE CALIFORNIA DEPARTMENT OF
FINANCIAL PROTECTION AND INNOVATION, LICENSE NUMBER 9632232

## REFINANCE ESCROW INSTRUCTIONS

**ESCROW NO.:** 224241-TC
**DATE:** August 2, 2024

**Teddy Conway**
Escrow Officer
tconway@sterlingwestescrow.com

LOAN AMOUNT(S): **$278,000.00**

The undersigned **Ashley Esquivel and Todd Diedrich** ("Borrower" and "Party") shall obtain a new loan secured by the real property described below and will cause  ("Lender") to hand you the proceeds of a new Deed of Trust in the amount of **$278,000.00**, less Lender's costs and charges, which Sterling West Escrow ("Escrow Holder") is instructed to use, provided that Escrow Holder is able to comply with these instructions and all others received by Escrow Holder in this escrow transaction from Borrower and Lender, and when Escrow Holder holds a policy of title insurance through **Stewart Title Co. of California** with the usual company exceptions, in a liability amount acceptable to Lender:

APN AND LEGAL DESCRIPTION TO BE PROVIDED BY TITLE COMPANY

**PROPERTY ADDRESS: 12914 2nd Street #1, Yucaipa, CA  92399**

**SHOWING TITLE VESTED IN: Ashley Esquivel and Todd Diedrich, Wife and Husband as Community Property with Right of Survivorship**

**ENCUMBRANCES PERMITTED:**

1.      Current general and special county, city, and other direct tax assessments (if any) for the current fiscal year.
2.      Current covenants, conditions, restrictions, rights of way, easements and the exception or reservation of minerals, oil, gas, water, carbons and hydrocarbons on or under the land, now of record.
3.      Any lien of supplemental taxes assessed under Chapter 3.5 (commencing with Section 75) of the Revenue and Taxation Code of California.
4.      A New Deed of trust approved by Buyer to record securing a note for **$278,000.00.**

**INSTRUCTIONS TO ESCROW HOLDER:**

(1)      FINANCE BORROWER to furnish, when required, a new fire insurance policy satisfactory to the new lender and authorizes payment of bill, if presented to escrow.

(2)      Borrower authorizes and instructs Escrow Holder to pay closing costs including buy not necessarily limited to: Loan origination fee as required by Lender, ALTA title policy, premium for new fire insurance policy or increase in premium for existing coverage, escrow, recording fees, and any other charges as may be required by Lender.

(3)      Lender to be at no expense in connection with this escrow and Borrower is to be responsible for, and is to pay, all expenses in connection herewith.  It is further understood by the Borrower that these instructions may not be executed by the Lender and that instructions of Lender may be in Lender's form to Escrow Holder.  Borrower agrees to comply with all requirements as set forth in Lender's Instructions.  THE RELEASE OF ALL LENDER'S FUNDS SHALL BE DEEMED TO BE LENDER'S FULL APPROVAL AND SATISFACTION THAT ALL OF LENDER'S REQUIREMENTS HAVE BEEN MET.

(4)      You are instructed to request a Beneficiary's demand for payment of the existing loan(s) of record from the

(CONTINUED)

Borrower's Initials: _____    _____ / _____

Case 6:23-bk-12440-RB    Doc 80    Filed 02/20/24    Entered 02/20/24 22:49:00    Desc
Main Document    Page 11 of 33    Escrow No.: 224241-TC

Date: August 2, 2024

Page 2 of 8

lender(s) thereof for reconveyance of the existing Deed(s) of Trust securing same. Without further approval of the borrower, said demand(s), plus accrued interest, prepayment, and other lender's charges, if any, are to be paid from funds accruing to the account of the Borrower at close of escrow.

(5)    In the event Lender requires, as a condition of the making of the loan referred to herein, payment of certain existing obligations of Borrower as disclosed by loan application or credit report, you are hereby authorized and instructed to pay same at close of escrow, with current statements or demands from said creditors as specified by Lender to enable you to make said payments at the close of escrow.

(6)    From funds accruing to the account of the Borrower at close of escrow, you are authorized and instructed to pay all charges and expenses in connection with this escrow including, but not limited to, the following:  ALTA title policy fee, recording fees, loan origination fee, Lender's discount fee, credit report and appraisal fees, escrow fees, tax and insurance impounds, if any, and any and all other charges as may be required by Lender or pursuant to these instructions, including demand, statement and reconveyance fees.

(7)    You are also authorized to pay bonds, assessments, liens, encumbrances, and/or taxes not specifically approved by Lender.

(8)    In the event that the proceeds of this loan are not sufficient to enable you to comply with these instructions, Borrower will, upon demand, and prior to close of escrow, hand you such additional funds as may be needed.

(9)    The balance of the loan proceeds, at close of escrow, is to be paid to Borrower.

(10)    **NOTARY PUBLIC SERVICES:**  Notary law mandates Notary Fees of $15.00 for each and every signature acknowledged and requires the Notary Public to see and review a current Driver's License or Identification Card, issued by the Department of Motor Vehicles, showing a photograph and signature OR a valid passport. Identification must have the **EXACT NAME AS IT APPEARS IN THE DOCUMENTS TO BE NOTARIZED OR IT WILL NOT BE ACCEPTED BY THE NOTARY PUBLIC. THE BORROWERS MAY ELECT TO USE ANY NOTARY PUBLIC SERVICE AT THEIR DISCRETION.**

I HEREWITH CERTIFY THIS TO BE A
TRUE AND CORRECT COPY OF THE ORIGINAL

BY_____T. Conway_____

(CONTINUED)

Borrower's Initials:_____/_____              _____/_____

Date: August 2, 2024

I HEREWITH CERTIFY THIS TO BE A
TRUE AND CORRECT COPY OF THE ORIGINAL

Escrow No.: 224241-TC

Page 3 of 8

BY _T. Conway_

## GENERAL PROVISIONS

1.    **AGREEMENT TO BE BOUND BY GENERAL PROVISIONS:** By executing these General Provisions and any Supplemental Instructions presented by Escrow Holder, the Borrower (sometimes referred to as "Borrowers," "Parties" or "Party") agrees to be bound to all terms and conditions of Escrow Holder, including those stated in these General Provisions, and authorize Escrow Holder to resign from processing this escrow transaction if an agreement cannot be reached among the Borrower and Escrow Holder concerning the terms and conditions of Escrow Holder's duty.

2.    **COMMENCEMENT OF ESCROW HOLDER DUTY:**  This escrow transaction is deemed open, and Escrow Holder's duty commences, upon receipt of escrow instructions, signed by all Borrowers.

3.    **DUTIES OF ESCROW HOLDER:** The Borrower agrees that Escrow Holder has only those duties inherent of an escrow service provider. There is no other legal relationship between Escrow Holder and the Borrower created by this escrow transaction. Escrow Holder's duties are limited to the safekeeping of money and documents received by Escrow Holder and for the disposition and/or disbursement of same in accordance with the written instructions accepted by Escrow Holder in this escrow transaction. Escrow Holder shall not be liable for any damages, losses, costs, or expenses incurred by any Party in the handling and processing of this escrow transaction as a result of any act or failure to act made or omitted in good faith or for any action taken that Escrow Holder shall in good faith believe to be genuine, excepting such as may arise through or be caused by Escrow Holder's willful neglect or gross misconduct.

4.    **PROMISE TO PAY AND INDEMNIFY:** The Borrowers jointly and severally promise and agree to pay promptly on demand, as well as to indemnify Escrow Holder and hold Escrow Holder harmless from and against all litigation and interpleader costs, damages, judgments, attorney's fees, expenses, obligations, and liability of every kind which in good faith Escrow Holder may incur or suffer in relation to or arising out of this escrow transaction, whether litigation, interpleader, obligation, liability or expense arises during the performance of this escrow transaction or subsequently, directly or indirectly. The Borrower shall pay Escrow Holder a reasonable fee for all time spent by officers or employees of Escrow Holder for dispute resolution action concerning this escrow transaction including but not limited to time spent researching, reviewing and/or testifying relative thereto.

5.    **ATTORNEY'S FEES: IF ESCROW HOLDER IS REQUIRED TO RESPOND TO ANY LEGAL SUMMONS OR PROCEEDING OR IF ANY ACTION IN INTERPLEADER OR DECLARATORY RELIEF IS BROUGHT BY OR AGAINST ESCROW HOLDER, THE BORROWERS JOINTLY AND SEVERALLY AGREE TO PAY ALL COSTS, EXPENSES AND REASONABLE ATTORNEY'S FEES EXPENDED OR INCURRED BY ESCROW HOLDER. A LIEN IS CREATED IN ESCROW HOLDER'S FAVOR UPON ALL RIGHTS, TITLES, AND INTEREST, OF THE BORROWER AND ALL ESCROW PAPERS AND OTHER PROPERTY AND MONIES DEPOSITED WITH ESCROW HOLDER.**

**IF ANY PARTY TO THIS ESCROW TRANSACTION, OR ESCROW HOLDER, INSTITUTES OR DEFENDS ANY LITIGATION RELATING TO OR ARISING OUT OF THIS ESCROW TRANSACTION, AT LAW OR IN EQUITY, THE PREVAILING PARTY, AS DETERMINED BY THE COURT, SHALL, IN ADDITION TO SUCH OTHER RELIEF AS MAY BE AWARDED, BE ENTITLED TO RECOVER REASONABLE ATTORNEYS' FEES, COSTS, AND EXPENSES OF SUCH LITIGATION.**

6.    **UNJUST ENRICHMENT:** In the event any Party to this escrow transaction received funds or is credited funds to which they are not entitled, that Party shall, upon written demand, return the funds immediately to escrow for correct disbursement.

7.    **DEPOSIT OF FUNDS:** Escrow Holder is instructed to deposit all funds received by Escrow Holder with any state or national bank in a trust account in the name of Escrow Holder, without any liability for payment of interest. All deposits made by personal check, cashier's check, certified check, or deposit other than wire transfer are subject to clearance and payment by the financial institution upon which they are drawn. Funds deposited with Escrow Holder in the form of check, draft, or similar instrument will be identified as collected funds when the Escrow Holder's financial institution confirms that the funds are available for disbursement. **BE ADVISED THAT CYBER CRIMINALS USE PHISHING TECHNIQUES (USE THE INTERNET TO ACQUIRE SENSITIVE INFORMATION SUCH AS USERNAMES, PASSWORDS, AND CREDIT CARD DETAILS AND SOMETIMES MONEY, BY POSING AS A TRUSTWORTHY ENTITY IN AN ELECTRONIC COMMUNICATION) TO TRY AND DIVERT WIRES TRANSFERS TO AND FROM ESCROW COMPANIES. TO AVOID**

(CONTINUED)

Borrower's Initials: _____ / _____                    _____ / _____

CERTIFIED TO BE A
TRUE AND CORRECT COPY OF THE ORIGINAL

BY _T. Conway_

Date: August 2, 2024    Escrow No.: 224241-TC

Page 4 of 8

SUCH SCAMS, PRIOR TO SENDING ANY WIRE TO ESCROW HOLDER, *THE WIRING PARTY MUST CONTACT ESCROW HOLDER BY WAY OF TELEPHONE TO CONFIRM THE APPROPRIATE WIRING INSTRUCTIONS.*

8.    **GOOD FUNDS LAW:** Pursuant to California Insurance Code Section 12413.1, known as the Good Funds Law, the parties hereto are made aware that closing funds deposited by the parties and/or lender must be cleared prior to close of escrow. This law places some very specific constraints upon the time frames for funds to be made available for disbursement.  Close of escrow cannot occur before funds are cleared and immediately collectible and available for withdrawal, which clearance can range from being immediately available upon receipt to seven (7) days depending on the form of the deposit.  Borrower hereby releases Escrow Holder of any responsibility, claim, and/or liability in connection with such a delay caused by the manner in which closing funds or lender's funds are deposited. **TO COMPLY WITH THE GOOD FUNDS LAW ESCROW HOLDER REQUIRES THAT CLOSING FUNDS BE DEPOSITED VIA WIRE AT LEAST TWO (2) BUSINESS DAYS PRIOR TO RECORDING OF DOCUMENTS.**

9.    **STATUTE OF LIMITATIONS:** The instructions contained in these General Provisions and any supplemental instructions shall be construed and interpreted according to California Law. NO ACTION SHALL LIE AGAINST ESCROW HOLDER FOR ANY CLAIM, LOSS, LIABILITY OR ALLEGED CAUSE OF ACTION OF ANY KIND OR NATURE WHATSOEVER, HOWEVER CAUSED OR OCCURRED, IN THIS ESCROW TRANSACTION OR IN CONNECTION WITH THE HANDLING OR PROCESSING OF THIS ESCROW TRANSACTION, UNLESS BROUGHT WITHIN TWELVE (12) MONTHS AFTER THE CLOSE OF ESCROW OR ANY CANCELLATION OR TERMINATION OF ESCROW FOR ANY REASON WHATSOEVER.

10.    **WRITTEN INSTRUCTIONS REQUIRED:** Pursuant to California Civil Code Section 1624, no notice, demand, supplemental escrow instruction, or amendment of the escrow instructions (collectively "supplemental instructions") shall be effective, and Escrow Holder shall not act upon or consider such supplemental instruction valid unless given in writing, fully executed by the affected Borrower and received by Escrow Holder.

11.    **AUTHORIZATION TO ACCEPT ELECTRONIC SIGNATURES AND DOCUMENTS:** In accordance with California's Uniform Electronic Transactions Act (the "Act"), the Borrower authorizes Escrow Holder to accept electronic and/or digital signatures and records, transmitted via facsimile or other electronic means (collectively "electronic signatures") into this escrow as originals.  The Borrower agrees that this escrow transaction may be conducted electronically to the fullest extent possible under the Act and recording laws. The Borrower shall transmit original, wet signatures on (1) all documents to be recorded, (2) all documents excluded from being enforceable under the Act, and (3) all documents required to be in original form by any regulatory agency.  The Borrower shall verify any electronic signatures upon request of Escrow Holder.

12.    **ACTS OUTSIDE OF ESCROW AND MEMORANDA ITEMS:** Where provision is made to perform an act "outside of escrow," Escrow Holder shall have no responsibility for, shall not be concerned with, and is specifically relieved from any obligation to pay, deliver any documents, or perform any act "outside of escrow." Escrow Holder shall not act upon or be concerned with or be liable for those items designated in the escrow instructions, or supplemental instructions, as memoranda items, nor any agreement of Borrower not addressed to Escrow Holder in the form of a supplemental instruction.

13.    **NO DUTY TO DISCLOSE OR INSPECT:** Escrow Holder's sole duty to disclose shall be the duty to disclose payment of invoices presented to Escrow Holder. Escrow Holder shall not be concerned with any disclosures, including disclosures related to lending, zoning, land division, property condition, or usury, except as expressly required to be given by an escrow service provider pursuant to Federal or State law. **Escrow Holder urges the Borrower to seek counsel from an attorney or licensed broker to ascertain what disclosures and/or laws, if any, need to be complied with prior to close of escrow.** The Borrowers shall jointly and severally indemnify and hold harmless Escrow Holder's conduct or omission resulting from a Party's or agent's misrepresentation or omission, or failure to comply with the rules and regulations of any governmental agency, whether state, federal, county, municipal, or otherwise. Escrow Holder shall not be concerned with enforcement of any rules or regulations.  Escrow Holder may pay any presented invoice related to disclosures, without further instructions. Escrow Holder will make no physical inspection of the real property or personal property that is the subject of this refinance transaction.  Escrow Holder shall not be concerned with or liable for the condition of such real property or personal property.

(CONTINUED)

Borrower's Initials: _ace_  /  _____    /

Escrow No.: 224241-TC

BY   _T. Conway_

14.     **PROPRIETARY INFORMATION:** Escrow Holder is relieved of any duty, responsibility, and/or liability relative to disclosure of a Party's or agent's proprietary information. Propriety information may include any (A) sale, resale, loan, exchange, or other transaction involving the real property or personal property that is the subject of this escrow transaction, and (B) benefit, which may include financial gain or profit, involving the real property or personal property that is the subject of this escrow transaction. Escrow Holder shall be relived of any liability if proprietary information is disclosed as necessary for Escrow Holder to comply with the Borrower' instructions or if requested by a lender, agent, governmental agency, or any other entity entitled to the propriety information. Escrow Holder may furnish copies of all escrow instructions, amendments, preliminary title reports, closing statements, and related documentation to agents and attorneys representing any Party, as may be requested, without obtaining any further authorization from Borrower.

15.     **NOTIFICATION OF DISHONORED CHECKS:** If any check submitted to Escrow Holder is dishonored upon presentment for payment, Escrow Holder may notify all Borrower and/or their respective agents of such nonpayment. The Party receiving credit for the deposit shall pay a $40.00 fee to Escrow Holder for the returned check.

16.     **DOCUMENT SUFFICIENCY, VALIDITY AND VERACITY OF SIGNATURES:** Escrow Holder shall not be responsible or liable for the sufficiency or validity of any document deposited with Escrow Holder, including the form, content, and manner of execution. All signatures submitted into this escrow transaction shall be construed as unconditional approval of the within document as to form, content, terms, and conditions. Escrow Holder shall have no obligation to verify, and will not verify, the authenticity of any signature on any document, nor the validity of such document. Escrow Holder shall not be liable or responsible for any loss that might occur due to forgeries, fraud, or false representations made by or involving the Borrower, third parties, agents or any other person or entity.

17.     **ACCEPTABILITY OF COUNTERPARTS:** These instructions may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery. All such counterparts together shall constitute one and same document.

18.     **STANDARDIZED FORMS:** Escrow Holder shall use Escrow Holder's usual document forms or the usual forms of any reliable forms company or any title company and, in the instructions, insert dates and terms on the instruments if incomplete when executed. Excepting Escrow Holder's own form, Escrow Holder shall not be liable for the correctness or sufficiency of such standardized preprinted forms.

19.     **NEW FINANCING:** Escrow Holder shall have no liability or responsibility and shall not be concerned with the terms of any new financing obtained by Borrower or the contents of any loan documents, except to order transmission of loan documents to Escrow Holder, transmit the loan documents to the appropriate Borrower for execution, and transmit the executed loan documents to the lender. Escrow Holder is not involved or concerned with the approval or processing of any loan, or the contents and effect of any loan documents prepared by a lender. Escrow Holder is not responsible for any lender's instructions which require Escrow Holder to perform obligations or duties beyond those required by law or which require Escrow Holder to assume liability for the lender's regulatory duties and responsibilities. Escrow Holder shall have no obligation to agree to instructions from a lender which threaten to transfer liability or penalize Escrow Holder.

20.     **RESPA GUIDELINES:**  For Escrow Holder to comply with the Real Estate Settlement Procedures Act ("RESPA"), some of the costs and charges may need to be itemized on the lending disclosures in a manner different from the terms agreed to by the Borrower. The costs and charges may include the title policy fees. Escrow Holder is instructed to comply with these RESPA guidelines as necessary. These charges and credits shall not change the amount of any other charges and credits between the Borrower.

21.     **TITLE INSURANCE:** Escrow Holder shall order title insurance from the title company designated by the Borrower. If requested in writing by the mutual instructions of the Borrower or upon the request of any lender, Escrow Holder shall provide copies of the preliminary report of title to them without liability as to its contents. The Borrower acknowledge that the title insurance policies to be issued by the title company shall be delivered directly from the designated title company to the appropriate Borrower after the close of escrow. The Borrower agree that matters regarding title insurance are between the title company and the insured Party and not Escrow Holder.

**(CONTINUED)**

Borrower's Initials:  _Qee_  /  _____  /  _____

Date: August 2, 2024

Escrow No.: 224241-TC

Page 6 of 8

BY _T. Conway_

22.    **AUTHORIZATION TO USE SUB-ESCROW AGENT:** Escrow Holder may use the title company as a sub-escrow agent for the handling of funds and documents in this escrow transaction. Escrow Holder shall comply with all sub-escrow agent's instructions and requirements, and Escrow Holder may deliver funds or documents to the sub-escrow agent at any time during the course of this escrow transaction as Escrow Holder deems appropriate. The Borrower shall pay the fee for the sub-escrow service as charged by the title company.

23.    **BENEFICIARY DEMANDS AND STATEMENTS:** From funds due, Escrow Holder is authorized to pay at the close of escrow, any encumbrances of record, plus accrued interest, charges, and bonus if any, and/or pay any delinquent monthly installments(s) on existing encumbrance(s) as disclosed by a beneficiary demand or statement without additional approval. Should a Party wish to pre-approve any beneficiary demand or statement, that Party shall deliver separate and specific written instruction to Escrow Holder prior to the close of escrow. Escrow Holder is not responsible for the contents or accuracy of any beneficiary demand or statement delivered to Escrow Holder by the beneficiary. Payoffs of encumbrances are done by the insuring title company, not Escrow Holder, and the Borrower shall seek any redress directly from the beneficiary and/or title company should a dispute arise regarding said payoff. Some lenders require payment of loans to offices outside of the area or outside of the state. Interest will continue to accrue on any outstanding loans until the loan is paid in full, regardless of the date of close of escrow. The title company may charge messenger fees, wire fees, and/or overnight fees, which the benefitted Party shall pay at close of escrow.

24.    **LINE OF CREDIT PAYOFF INDEMNIFICATION AND CANCELLATION:** The Borrower indemnify and hold the title company and Escrow Holder harmless from incurring any costs or additional charges, interest, and advances made but not disclosed on a beneficiary demand or statement provided for the payoff of that certain equity line of credit deed of trust ("line of credit") shown on a preliminary title report. The Borrower warrant and represent that instructions to the beneficiary have been made to freeze the line of credit, that no advance on the line of credit has been made since the opening of this escrow transaction, and that no advance will be made on the line of credit prior to close of escrow. If, after receipt of payoff, the beneficiary makes demand for additional funds, the Borrower shall deposit those funds immediately with the title company or Escrow Company and authorize the title company to utilize those funds to effectuate the close of the line of credit. Upon payoff of the line of credit, Escrow Holder is instructed to request that the beneficiary cancel the line of credit.

25.    **PRORATIONS AND ADJUSTMENTS:** Escrow Holder is instructed to make all prorations and adjustments based on a thirty (30) day month. Escrow Holder is to use information contained on latest available tax statement, rental statement, beneficiary's statement, insurance statement, or other statement as delivered to Escrow Holder for the prorations provided for herein.

26.    **RECORDING OF DOCUMENTS:** The Borrower authorize the recordation of any instrument delivered through this escrow transaction if necessary or proper for the issuance of the required policies of title insurance, new loan or as necessary for close of escrow. Recording fees shall be charged to the account of the benefited Party unless instructed otherwise by the Borrower in writing.

27.    **ESCROW AMENDMENT RE SENATE BILL (SB) 2 – BUILDING HOMES AND JOBS ACT FEE:** Pursuant to California Government Code Section 27388.1, all California County Recorders are now required to collect a fee of seventy-five dollars ($75.00), in addition to the recording fees, upon presentment of certain real estate documents for recording. The fee is charged at the time of recording on "every real estate instrument, paper, or notice required or permitted by law to be recorded per each single transaction per parcel of real estate." Section 27388.1 does not define any of the terms contained within its language, so at the present time the County Recorders are individually making interpretations regarding which documents the fee is being collected on and how much is being collected. Escrow holder is authorized and instructed to estimate the fee that will be charged on any particular document to be recorded as part of this escrow transaction. The Borrower agree to hold escrow harmless in the event the amount estimated is different from the amount actually charged by the County Recorder relative to any particular document. The Borrower further agree and authorize Escrow Holder to charge any additional fee to them, as appropriate, and deduct said amount from any funds due said party at close of escrow.

28.    **DELIVERY OF DEED:** Regardless of the date of execution or transmission to Escrow Holder, the deed of trust shall be deemed delivered ONLY upon recordation through this escrow transaction. "Close of escrow" as used in this

(CONTINUED)

Borrower's Initials: _(ae)_ / _____ / _____

TRUE AND CORRECT COPY OF THE ORIGINAL
I HEREWITH CERTIFY THIS TO BE A

BY _T. Conway_

Date: August 2, 2024                                                                    Escrow No.: 224241-TC

Page 7 of 8

escrow transaction shall mean the date on which documents are recorded, unless otherwise specified.

29.   **ASSIGNMENT OF FUNDS:** If not in conflict with lender instructions, if a Borrower unilaterally assigns or orders the proceeds of this escrow transaction to be paid to other than the original Borrower, the assignment or order shall be subordinate to the expenses of this escrow transaction, liens of record on the subject property, and payments directed to be made by Borrower to this escrow transaction. If the result of the assignment or order would leave the escrow without sufficient funds to close, then Escrow Holder is directed to close nevertheless and pay the assignment or order only out of the net proceeds due the Party assigning their funds except for the assignment or order, and to pay them in the order in which the assignment or order is received by Escrow Holder. Escrow Holder shall not be concerned with any balance remaining unpaid.

30.   **DISBURSEMENT OF FUNDS AND DELIVERY OF DOCUMENTS:** All disbursements shall be made by the Escrow Holder's trust account check unless instructed otherwise in writing. Escrow Holder will not indemnify any payee or guarantee signatures of any person or entity at any financial institution. Generally, Escrow Holder or its sub-escrow agent will disburse funds, including net proceeds and payment for encumbrances of record, on the date the escrow closes; however, there are circumstances which may arise wherein the disbursements could be delayed by one or two business days. Any funds disbursed at the close of escrow will be issued jointly to the parties designated as payee unless Escrow Holder is instructed otherwise in writing by all designated payees. The funds representing loan funds will be disbursed according to instructions. All disbursements of funds and/or delivery of other documents or instruments concerning this escrow transaction will be mailed to the entitled Party by regular mail, postage prepaid, at the last address received by Escrow Holder. However, at Escrow Holder's discretion, Escrow Holder may send funds and/or other documents by overnight delivery, or messenger, in which case the Party for whom the delivery was made shall pay the costs.

31.   **SEVERABILITY:** Invalidity or unenforceability of any provision in these General Provisions, the escrow instructions or any supplemental instructions, (collectively, "Agreement") shall not affect any other provision of this Agreement. If possible, any unenforceable provision within this Agreement will be modified to reflect the Borrower' original intention.

32.   **CONFLICTING INSTRUCTIONS:** If conflicting instructions are made or served upon Escrow Holder, Escrow Holder shall have the absolute right to withhold and stop all further proceedings in, and in performance of, this escrow transaction until Escrow Holder receives written notification satisfactory to Escrow Holder of resolution of the conflict in writing, or by a final order or judgment of a court of competent jurisdiction.

33.   **ABANDONMENT OF ESCROW TRANSACTION:** Escrow Holder duties and functions related to this escrow transaction shall terminate six (6) months following the date last set for close of escrow unless the escrow transaction has closed or cancelled. At such time, Escrow Holder shall have no obligations as Escrow Holder except to disburse funds and documents pursuant to written instructions and to interplead or otherwise dispose of funds and documents in accordance with a validly issued and validly served order from a court of competent jurisdiction.

34.   **UNCASHED CHECKS:** If any check(s) issued through this escrow transaction or sub-escrow related hereto are uncashed or unnegotiated ("uncashed") Escrow Holder will make effort to contact the payee and coordinate negotiation of the check(s). Escrow Holder incurs significant expense in tracking uncashed checks, canceling and reissuing checks, and maintaining bank and accounting records of such checks. Therefore, if re-issuance of the check is necessitated, Escrow Holder will require an instruction authorizing such re-issuance and may charge an additional services fee of Thirty-Five Dollars ($35.00) which will be deducted from the payee's reissued check(s).

35.   **ESCHEATMENT:** Any funds remaining in escrow three (3) years after the close of escrow or cancellation of this escrow transaction will be escheated to the State of California pursuant to the Unclaimed Property Law codified in California Code of Civil Procedure § 1518.

36.   **AUTHORIZATION TO INTERPLEAD FUNDS:** The Borrower acknowledges that Escrow Holder has an absolute right to file a court action in interpleader. If such an action is filed, the Borrowers jointly and severally shall pay all resulting escrow fees, title fees, court costs, and litigation expenses, including attorney's fees. The amount shall be fixed by

(CONTINUED)

Borrower's Initials: _____ / _____                              _____ / _____

Date: August 2, 2024

I HEREWITH CERTIFY THIS TO BE A
TRUE AND CORRECT COPY OF THE ORIGINAL
BY _____ T. Conway _____

Escrow No.: 224241-TC

Page 8 of 8

judgment to be reached by the court. Upon filing of such action, Escrow Holder is fully released and discharged from any further performance of duties under the terms of this Escrow.

37.    **RIGHT TO RESIGN:** At any time prior to the close of escrow, Escrow Holder, at its sole and absolute discretion and without liability to the Borrower, may withdraw and resign from acting as Escrow Holder by providing ten (10) days prior written notice to the Borrower at their last known addresses. Escrow Holder shall be entitled to reasonable compensation for its escrow services performed and for all costs and expenses incurred in the resignation, including, but not limited to, attorney's fees. Upon resignation, Escrow Holder shall return to the party who deposited the same, the balance of any funds, along with any property or documents, in its possession. Alternatively, at the instruction of the Borrower, Escrow Holder shall deliver the funds, property, and documents to a new Escrow Holder.

38.    **DESTRUCTION OF DOCUMENTS:** Escrow Holder is authorized to destroy or otherwise dispose of any and all documents, papers, escrow instructions, correspondence, records or other material pertaining to this escrow, at any time after five (5) years from the date of close of escrow, cancellation of this transaction, or the date of the last activity (whichever comes first), without liability and without further notice to the Borrower.

39.    **PRIVACY NOTICE:** This notification complies with our obligation to comply with federal and state law to safeguard the Borrower's non-public personal information. Escrow Holder collects non-public personal information about the Borrower from the following: a) Information Escrow Holder receives from the Borrower on applications or other forms; b) Information about the Borrower' transactions with Escrow Holder, Escrow Holder's affiliates, or others involved in the processing of the transaction; and c) Information Escrow Holder receives from a consumer reporting agency. Escrow Holder does not disclose any non-public personal information about customers or former customers to anyone, except as permitted by law. Escrow Holder restricts access to non-public information about the Borrower to those employees who need to know that information to provide products or services to the Borrower. Escrow Holder maintains physical, and procedural safeguards that comply with federal and state regulations to guard the Borrower' non-public personal information. By signing below, the Borrower acknowledges that they have read and received a copy of this notification.

40.    **PROHIBITION UPON GIVING LEGAL OR FINANCIAL ADVICE:**  The Borrower acknowledges and understand that Escrow Holder is not authorized to practice law, nor does Escrow Holder give financial advice.  **The Borrower is advised to seek legal and financial counsel and advice concerning the effect of this escrow transaction.**  The Borrower acknowledges that no representations have been made by Escrow Holder about the legal sufficiency, legal consequences, financial effects, or tax consequences of the within escrow transaction.

**EACH PARTY HAS RECEIVED AND HAS READ THESE INSTRUCTIONS AND GENERAL PROVISIONS ATTACHED HERETO AND AGREES TO BE BOUND THEREBY.**

BORROWERS:


_____
Ashley Esquivel


_____
Todd Diedrich

# EXHIBIT C

**Sterling West Escrow**

12100 Wilshire Blvd., Suite 700
Los Angeles, CA 90025

Phone: (310) 696-0192
Fax: (310) 696-0204

## BORROWER'S ESTIMATED SETTLEMENT STATEMENT

| | |
|---|---|
| **PROPERTY:** 12914 2nd Street #1 Yucaipa, CA 92399 | **DATE:** December 11, 2024 |
| | **CLOSING/RECORD DATE:** December 20, 2024 |
| **BORROWER:** Ashley Esquivel and Todd Diedrich | **ESCROW NO.:** 224241-TC |

|  | DEBITS | CREDITS |
|---|---|---|
| **FINANCIAL CONSIDERATION** | | |
| New 1st Trust Deed - Nklat Investment LLC, The Keegan Family Trust dated 9/4/97 and Joseph Faris | | 278,000.00 |
| | | |
| **PAYOFF CHARGES - Citadel Servicing Corporation [Total Payoff $163,858.63]** | | |
| Payoff good thru 12/13/2024 | 163,858.63 | |
| | | |
| **PAYOFF CHARGES - Division of Labor Standards Enforcement [Total Payoff $7,833.63]** | | |
| Payoff good 12/15/2024 | 7,833.63 | |
| | | |
| **PAYOFF CHARGES - San Bernardino Land Use Services Dept [Total Payoff $764.00]** | | |
| Total Payoff good thru 12/20/2004 | 764.00 | |
| | | |
| **PAYOFF CHARGES - Chapter 13 Trustee [Total Payoff $71,054.21]** | | |
| Estimated Payoff | 71,054.21 | |
| | | |
| **LOAN INFORMATION - Nklat Investment LLC, The Keegan Family Trust dated 9/4/97 and Joseph Faris [Charges $22,189.20]** | | |
| Origination Charge to Pacific Direct Mortgage | 9,730.00 | |
| Loan Set up Fee | 105.00 | |
| Brokerage Fee to Ocean Lending | 7,730.00 | |
| Document Fee to Pacific Direct Mortgage | 595.00 | |
| Processing Fee to Pacific Direct Mortgage | 995.00 | |
| Underwriting Fee to Pacific Direct Mortgage | 1,000.00 | |
| Attorney Fee to Pacific Direct Mortgage | 414.00 | |
| Lender Wire Fee | 135.00 | |
| Interest at $114.2460/day from 12/19/2024 to 01/01/2025 | 1,485.20 | |
| | | |
| **OTHER DEBITS/CREDITS** | | |
| J E Brown & Associates for Homeowner's Insurance | 3,209.59 | |
| FED Ex for Delivery of Documents | 125.00 | |
| Archive IT Company for Electronic File Storage | 50.00 | |
| City National Bank for Wiring Fee | 40.00 | |
| Notary Public for Notary Services, Estimated | 300.00 | |
| | | |
| **TITLE/TAXES/RECORDING CHARGES - Stewart Title Co.** | | |
| Title - Lender's Title Insurance | 1,351.00 | |
| Title - Messenger Fee | 50.00 | |
| Title - Sub Escrow Fee | 80.00 | |
| Title - Wire Fee | 50.00 | |
| Title - Endorsement Fee | 75.00 | |
| Recording Trust Deed | 150.00 | |
| Recording Service Fee | 23.00 | |
| SB2 Recording Fees | 225.00 | |
| Property Taxes ( 6 mo.) HOLD to San Bernardino County | 2,946.35 | |
| Unsecured Property Taxes | 2,175.39 | |
| | | |
| **ESCROW CHARGES - Sterling West Escrow** | | |
| Title - Escrow Fee | 850.00 | |
| Title - Processing Demands | 350.00 | |
| Title - Document Preparation Fee | 250.00 | |

**THIS IS AN ESTIMATE ONLY AND FIGURES ARE SUBJECT TO CHANGE**

Date:  December 11, 2024                                            Escrow No.:  224241-TC

Page 2 of 2:

_____
Ashley Esquivel


_____
Todd Diedrich

# EXHIBIT D

**Fill in this information to identify your case:**

| | | |
|---|---|---|
| Debtor 1 | **Todd** | **Diedrich** |
| | First Name     Middle Name | Last Name |
| Debtor 2 | **Ashley** | **Esquivel** |
| (Spouse, if filing) | First Name     Middle Name | Last Name |
| United States Bankruptcy Court for the: | | **Central District of California** |
| Case number (if known) | **6:23-bk-12440-RB** | |

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

# Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. | **Fill in your employment information.** | | |
| | Employment status | ☐ Employed ☑ Not Employed | ☐ Employed ☑ Not Employed |
| | If you have more than one job, attach a separate page with information about additional employers. | | |
| | Occupation | _____ | _____ |
| | Include part time, seasonal, or self-employed work. | | |
| | Employer's name | _____ | _____ |
| | Employer's address | _____ | _____ |
| | Occupation may include student or homemaker, if it applies. | Number Street | Number Street |
| | | _____ | _____ |
| | | _____ | _____ |
| | | City     State     Zip Code | City     State     Zip Code |
| | How long employed there? | _____ | _____ |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2. _____ $0.00 | _____ $0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. + _____ $0.00 | + _____ $0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. _____ $0.00 | _____ $0.00 |

| Debtor 1 | **Todd** | | **Diedrich** | | |
| Debtor 2 | **Ashley** | | **Esquivel** | | |
| | First Name | Middle Name | Last Name | | Case number *(if known)* 6:23-bk-12440-RB |

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| Copy line 4 here.............................................................➔ | 4. | | $0.00 | $0.00 |
| **5. List all payroll deductions:** | | | | |
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | | $0.00 | $0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | | $0.00 | $0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | | $0.00 | $0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | | $0.00 | $0.00 |
| 5e. **Insurance** | 5e. | | $0.00 | $0.00 |
| 5f. **Domestic support obligations** | 5f. | | $0.00 | $0.00 |
| 5g. **Union dues** | 5g. | | $0.00 | $0.00 |
| 5h. **Other deductions.** Specify:_____ | 5h. + | | $0.00 | + $0.00 |
| **6. Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. | 6. | | $0.00 | $0.00 |
| **7. Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | | $0.00 | $0.00 |
| **8. List all other income regularly received:** | | | | |
| 8a. **Net income from rental property and from operating a business, profession, or farm** Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | | $5,100.00 | $0.00 |
| 8b. **Interest and dividends** | 8b. | | $0.00 | $0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | | $0.00 | $0.00 |
| 8d. **Unemployment compensation** | 8d. | | $1,725.00 | $0.00 |
| 8e. **Social Security** | 8e. | | $0.00 | $0.00 |
| 8f. **Other government assistance that you regularly receive** Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify:_____ | 8f. | | $0.00 | $0.00 |
| 8g. **Pension or retirement income** | 8g. | | $0.00 | $0.00 |
| 8h. **Other monthly income.** Specify:_____ | 8h. + | | $0.00 | + $0.00 |
| **9. Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | | $6,825.00 | $0.00 |
| **10. Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse | 10. | | $6,825.00 + $0.00 = | $6,825.00 |

**11. State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify:_____  11. + $0.00

**12. Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies   12. $6,825.00

**Combined monthly income**

**13. Do you expect an increase or decrease within the year after you file this form?**
☑ No.
☐ Yes. Explain:

| Debtor 1 | **Todd** | | **Diedrich** | | | |
|----------|----------|--|--------------|--|--|--|
| Debtor 2 | **Ashley** | | **Esquivel** | | | |
| | First Name | Middle Name | Last Name | | Case number *(if known)* 6:23-bk-12440-RB | |

---

8a. Attached Statement

## Business Income

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

1.  Gross Monthly Income:                                                                          $1,300.00

PART B - ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:

2.  Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition
    Business Debts

    TOTAL PAYMENTS TO SECURED CREDITORS                                      $0.00

3.  Other Expenses

    TOTAL OTHER EXPENSES                                                                  $0.00

4.  TOTAL MONTHLY EXPENSES(Add item 2 - 21)                                                $0.00

PART C - ESTIMATED AVERAGE NET MONTHLY INCOME:

5.  AVERAGE NET MONTHLY INCOME(Subtract item 22 from item 1)                       $1,300.00

---

| Debtor 1 | **Todd** | | **Diedrich** | | | |
|---|---|---|---|---|---|---|
| Debtor 2 | **Ashley** | | **Esquivel** | | Case number *(if known)* 6:23-bk-12440-RB | |
| | First Name | Middle Name | Last Name | | | |

8a. Attached Statement

### Rental Income

| | | |
|---|---|---:|
| 1. | Gross Monthly Income: | $3,800.00 |
| 2. | TOTAL EXPENSES | $0.00 |
| 3. | AVERAGE NET MONTHLY INCOME | $3,800.00 |

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Todd** _____ **Diedrich** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Ashley** _____ **Esquivel** | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **Central District of California** | |
| Case number | **6:23-bk-12440-RB** | |
| (if known) | | |

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☐ No. Go to line 2.
   ☑ Yes. **Does Debtor 2 live in a separate household?**
      ☑ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

2. **Do you have dependents?**

   Do not list Debtor 1 and Debtor 2.

   Do not state the dependents' names.

   ☐ No
   ☑ Yes. Fill out this information for each dependent...............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 10 | ☐ No. ☑ Yes. |
| Child | 15 | ☐ No. ☑ Yes. |
| Child | 12 | ☐ No. ☑ Yes. |
| Child | 11 | ☐ No. ☑ Yes. |
| | | ☐ No. ☐ Yes. |

3. **Do your expenses include expenses of people other than yourself and your dependents?**

   ☑ No
   ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | | **Your expenses** |
|---|---|---|---|
| 4. | The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $0.00 |
| | If not included in line 4: | | |
| | 4a. Real estate taxes | 4a. | $0.00 |
| | 4b. Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| | 4c. Home maintenance, repair, and upkeep expenses | 4c. | $150.00 |
| | 4d. Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | **Todd** | | **Diedrich** | |
|---|---|---|---|---|
| Debtor 2 | **Ashley** | | **Esquivel** | |
| | First Name | Middle Name | Last Name | Case number *(if known)*  6:23-bk-12440-RB |

| | | | Your expenses |
|---|---|---|---|
| 5. | Additional mortgage payments for your residence, such as home equity loans | 5. | $0.00 |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $0.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $300.00 |
| | 6d. Other. Specify: | 6d. | $0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $1,100.00 |
| 8. | **Childcare and children's education costs** | 8. | $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $150.00 |
| 10. | **Personal care products and services** | 10. | $150.00 |
| 11. | **Medical and dental expenses** | 11. | $225.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare.<br>Do not include car payments. | 12. | $450.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.**<br>Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $65.00 |
| | 15d. Other insurance. Specify: | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.<br>Specify: | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1    2015 Ford F150 Supercrew Cab XLT | 17a. | $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. | $0.00 |
| | 17c. Other. Specify: | 17c. | $0.00 |
| | 17d. Other. Specify: | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.**<br>Specify: | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
| | 20a. Mortgages on other property | 20a. | $0.00 |
| | 20b. Real estate taxes | 20b. | $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $0.00 |

| Debtor 1 | **Todd** | | **Diedrich** | |
|---|---|---|---|---|
| Debtor 2 | **Ashley** | | **Esquivel** | |
| | First Name | Middle Name | Last Name | Case number *(if known)*  6:23-bk-12440-RB |

| | | |
|---|---|---|
| 21. **Other.** Specify: _____ Saving for move _____ | 21. | **+** _____ $450.00 |
| **22. Calculate your monthly expenses.** | | |
| 22a. Add lines 4 through 21. | 22a. | _____ $3,040.00 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 | 22b. | _____ $0.00 |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | _____ $3,040.00 |
| **23. Calculate your monthly net income.** | | |
| 23a. Copy line 12 (your combined monthly income) from *Schedule I.* | 23a. | _____ $6,825.00 |
| 23b. Copy your monthly expenses from line 22c above. | 23b. | **–** _____ $3,040.00 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income.* | 23c. | _____ $3,785.00 |

**24.  Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.

☐ Yes.

> None

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY UNDER LBR 3015-1(p)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/19/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kelli M Brown     kelbrown@raslg.com
David Coats     dcoats@ghidottiberger.com
Rod Danielson (TR)     notice-efile@rodan13.com
Shannon A Doyle     sdoyle@ghidottiberger.com
Michelle R Ghidotti     bknotifications@ghidottiberger.com, gbadmin@ecf.courtdrive.com
Sheryl K Ith     sith@cookseylaw.com
Kelly Lukason     kelly.lukason@jcap.com
Noemi Padilla     bknotifications@ghidottiberger.com, npadilla@ghidottiberger.com
Arvind Nath Rawal     arawal@aisinfo.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____   I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/19/2024 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION [LBR 9013-1(o)]; DEBTOR'S MOTION FOR AUTHORITY TO REFINANCE REAL PROPERTY UNDER LBR 3015-1(P)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/23/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kelli M Brown     kelbrown@raslg.com
David Coats     dacoats@raslg.com
Rod Danielson (TR)     notice-efile@rodan13.com
Shannon A Doyle     sdoyle@ghidottiberger.com
Michelle R Ghidotti     bknotifications@ghidottiberger.com, gbadmin@ecf.courtdrive.com
Sheryl K Ith     sith@cookseylaw.com
Kelly Lukason     kelly.lukason@jcap.com
Noemi Padilla     bknotifications@ghidottiberger.com, npadilla@ghidottiberger.com
Arvind Nath Rawal     arawal@aisinfo.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/23/2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/23/2024 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Employment Development Dept
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Exeter Finance LLC, c/o AIS Portfolio Servic
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

AFFIRM
650 California St Fl 12
San Francisco, CA 94108-2716

JEFFERSON CAPITAL SYSTEMS LLC PO
BOX 7999
SAINT CLOUD MN 56302-7999

BANK OF AMERICA
PO Box 982238
El Paso, TX 79998-2238

CAPITAL ONE
PO Box 31293
Salt Lake City, UT 84131-0293

AWA COLLECTIONS
PO Box 6605
Orange, CA 92863-6605

CREDIT CONTROL CORPORATION ATTN
CREDIT CONTROL CORPORATION 11821
ROCK LANDING DR
NEWPORT NEWS VA 23606-4225

CREDIT ONE BANK
PO Box 98872
Las Vegas, NV 89193-8872

COMENITY BANK
PO Box 182789
Columbus, OH 43218-2789

Citadel Servicing
25541 Commercentre Dr Ste 250
Lake Forest, CA 92630-4555

Citadel Servicing Corp DBA Acra Lending
3 Ada Pkwy Suite 200A
Irvine, CA 92618-2322

Capital One N.A.
by American InfoSource as agent
PO Box 71083
Charlotte, NC  28272-1083

Discover Bank
P.O. Box 3025
New Albany, Oh 43054-3025

ELEGANT DENTAL CARE
24950 REDLANDS BLVE, STE B
Loma Linda, CA 92354-4028

DISCOVER BANK
PO Box 30939
Salt Lake Cty, UT 84130-0939

Exeter Finance LLC
PO Box 650693
Dallas, TX 75265-0693

FIRST PORTFOLIO VENTURES II, LLC
3091 Governors Lake Drive Suite 500
Peachtree Corners, GA 30071-1135

Exeter Finance
Po Box 166008
Irving, TX 75016-6008

I.C. SYSTEM INC.
Po Box 64378
Saint Paul, MN 55164-0378

LA CURACAO
1605 W Olympic Blvd
Los Angeles, CA 90015-3861

LVNV FUNDING LLC
C/O RESURGENT CAPITAL SERVICES
GREENVILLE, SC 29602

LVNV FUNDING LLC
PO BOX 1269
GREENVILLE, SC 29602-1269

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

NATIONAL CREDIT ADJUST
327 W 4TH AVE
HUTCHINSON, KS 67501-4842

National Credit Adjusters, LLC
Attn: Bankruptcy Department
P.O. Box 3023
Hutchinson, KS 67504-3023

PAULSON ORTHODONTICS
219 Cajon St
Redlands, CA 92373-5201

Pinnacle Credit Services, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

PORTFOLIO RECOVERY ASSOCIATES LLC PO
BOX 41067
NORFOLK VA 23541-1067

Quantum3 Group LLC as agent for
Comenity Bank
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Credit Corp Solutions Inc
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Galaxy International Purchasing LLC
PO Box 788
Kirkland, WA  98083-0788

Quantum3 Group LLC as agent for
Velocity Investments LLC
PO Box 788
Kirkland, WA  98083-0788

RECEIVABLE MANAGEMENT
240 EMERY ST # 7
BETHLEHEM, PA 18015-1980

SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

TELECOM SELF-REPORTED
Po Box 4500
Allen, TX 75013-1311

VANCE & HUFFMAN LLC
55 Monette Pkwy Ste 100
Smithfield, VA 23430-2577

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

3090 Bristol Street #400
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/10/2025    , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kelli M Brown kelbrown@raslg.com; David Coats dacoats@raslg.com; Rod Danielson (TR) notice-efile@rodan13.com; Shannon A Doyle sdoyle@ghidottiberger.com; Michelle R Ghidotti bknotifications@ghidottiberger.com, gbadmin@ecf.courtdrive.com; Sheryl K Ith sith@cookseylaw.com; Kelly Lukason kelly.lukason@jcap.com; Noemi Padilla bknotifications@ghidottiberger.com, npadilla@ghidottiberger.com; Arvind Nath Rawal arawal@aisinfo.com; United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)                , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)             , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/10/2025 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.