| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>BENJAMIN HESTON (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Debtors | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  RIVERSIDE DIVISION**

| In re:<br><br>TODD DIEDRICH, and<br><br>ASHLEY ESQUIVEL,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 6:23-bk-12440-RB<br><br>CHAPTER 13<br><br><br>**DEBTOR'S MOTION FOR AUTHORITY<br>TO SELL REAL PROPERTY<br>UNDER LBR 3015-1(p)**<br><br><br>[No Hearing Required] |
|---|---|

Debtor moves this court for an order authorizing the Debtor to sell the real property, described below, pursuant to the terms and conditions described herein.

1.  Debtor's Chapter 13 Plan (Plan) was confirmed on:  10/12/2023  .

2.  Debtor wishes to sell the real property (Property) located at:
    12914 2nd Street
    Yucaipa, CA 92399
    _____

The Property is more particularly described in Exhibit "A" attached hereto.

☐   Debtor wishes to modify the Plan for early payment of the Plan as described in the *Motion to Modify Plan* submitted by Debtor concurrently with this Motion.

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

3. The sale price of the Property is $ 525,000.00_____ .  The following are all of the encumbrances of record against the Property:

a. Citadel Servicing Corp (Wilmington Savings Fund Society)_____
b. _____
c. _____
d. _____
e. _____

   *(Add additional page if necessary)*

4. After payment of the foregoing encumbrances and all costs of sale:
   ☒ there will remain the approximate sum of $ 350,000_____ ; OR
   ☐ no proceeds will remain.

5. ☒ (a)  The chapter 13 trustee is hereby authorized to make demand upon escrow for sufficient funds to pay off the Plan with a:
   ☒ 100% dividend to unsecured creditors; OR
   ☐ _____% divided as indicated in the confirmed plan.

   After escrow's payment of the encumbrances listed above, any remaining funds shall be paid directly to debtor.

   **OR**

   ☐ (b)  The chapter 13 trustee is hereby authorized to make demand upon escrow for the balance remaining after escrow's payment of the encumbrances listed above even though the amount is insufficient to pay off the Plan.  The sale is for the fair market value of the Property.

6. The escrow is being processed by:

   Escrow company name:    Concierge Escrow Service, Inc._____
   Address:                13907 San Antonio Drive_____
                           Norwalk, CA 90620_____
                           _____
   Telephone:              949-954-6571_____
   Facsimile:              949-954-6575_____
   Escrow officer:         Letty Ascencio_____
   Escrow number:          12538-LA_____

7. Supporting documents attached to this Motion are:
   a.  Exhibit A – Legal description with street address
   b.  Exhibit B – Escrow instructions and documents
   c.  Exhibit C – Estimated closing statement
   d.  Exhibit D – Schedules I and J of the bankruptcy petition

9. Debtor agrees to provide to chapter 13 trustee a certified copy of the escrow closing statement within 14 days of the close of escrow as a condition to any approval of this motion.

Date:  02/10/2025_____               /s/Benjamin Heston_____
                                       Attorney for Debtor

I declare under penalty of perjury that the following is true and correct.

Date:  02/10/2025_____               _____
                                       Debtor

Date:  02/10/2025_____               _____
                                       Joint Debtor

---

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2012*                        Page 2                        **F 3015-1.16.MOTION.SELL.RP**

# EXHIBIT A

# <u>LEGAL DESCRIPTION</u>

**The land referred to herein is situated in the State of California, County of San Bernardino, City of Yucaipa and described as follows:**

All of Block 50, Subdivision No. 2 of a part of Yucaipa Valley, in the City of Yucaipa, County of San Bernardino, State of California, as per Map recorded in <u>Book 17, Pages 99 and 100</u>, of Maps, in the Office of the County Recorder of said County.

Saving and excepting that portion lying Northerly of the following described line:

Beginning at a point in the East line of Block 50, in the centerline of Second Street, which is South 317.60 feet from the Northeast Corner;

Thence at right angles West 660 feet more or less to a point in the West line of said Block 50. Also saving and excepting all that portion thereof lying Southerly of the following described line;

Beginning at a point in the East line of said Block 50, in the centerline of Second Street, which is 449.60 feet South of the Northeast corner of said Block;

Thence at right angels West 660 feet, more or less, to a point in the West line of said Block 50.

APN: 0319-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

(End of Legal Description)

<u>MAP</u>

THE MAP(S) CONNECTED HEREWITH AND PROVIDED IN CONNECTION WITH THIS TITLE PRODUCT IS/ARE BEING PROVIDED AS A COURTESY AND FOR INFORMATIONAL PURPOSES ONLY; THE MAP(S) SHOULD NOT BE RELIED UPON. FURTHERMORE, THE PARCELS SET OUT ON THE MAP(S) MAY NOT COMPLY WITH LOCAL SUBDIVISION OR BUILDING ORDINANCES. STEWART TITLE ASSUMES NO LIABILITY, RESPONSIBILITY OR INDEMNIFICATION RELATED TO THE MAP(S) NOR ANY MATTERS CONCERNING THE CONTENTS OF OR ACCURACY OF THE MAP(S).

# EXHIBIT B

*Concierge*
Escrow Service, Inc.

# SUPPLEMENTAL INSTRUCTIONS & GENERAL PROVISIONS

TO:  **Concierge Escrow Service Inc.**

Date:  **January 31, 2025**
Escrow Officer:  **Letty Ascencio**
Escrow Number:  **12538-LA**

**Concierge Escrow Service Inc. IS LICENSED AS AN ESCROW AGENT BY THE DEPARTMENT OF FINANCIAL PROTECTION AND INNOVATION OF THE STATE OF CALIFORNIA, LICENSE # 96DBO72260.**

## TERMS OF TRANSACTION

| | | |
|---|---|---|
| Buyer has or will deposit with Escrow | $ | 0.00 |
| Buyer will deposit prior to close of Escrow | $ | 525,000.00 |
| **TOTAL CONSIDERATION** | $ | **525,000.00** |

LEGAL DESCRIPTION:

All of Block 50, Subdivision No. 2 of a part of Yucaipa Valley, in the City of Yucaipa, County of San Bernardino, State of California, as per Map recorded in Book 17, Pages 99 and 100, of Maps, in the Office of the County Recorder of said County.

Saving and excepting that portion lying Northerly of the following described line:

Beginning at a point in the East line of Block 50, in the centerline of Second Street, which is South 317.60 feet from the Northeast corner;

Thence at right angles West 660 feet more or less to a point in the West line of said Block 50.

Also saving and excepting all that portion thereof lying Southerly of the following described line:

Beginning at a point in the East line of said Block 50, in the centerline of Second Street, which is 449.60 feet South of the Northeast corner of said Block;

Thence at right angles West 660 feet, more or less, to a point in the West line of said Block 50.
PARCEL NUMER(S):  **0319-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**
PROPERTY ADDRESS:  **12914 2nd Street, Unit 1, Yucaipa, CA 92399-5639**

TITLE ON GRANT DEED SHALL BE CONVEYED TO:    **Cedeno Real Estate Innovations, LLC., a California Limited Liability Company, and/or assignee**

**INSTRUCTIONS/ SUPPLEMENTS:**  Escrow Holders responsibility is limited to the items listed hereinbelow. These instructions will control as to the duties and obligations of Escrow Holder only.

**DEPOSIT IN ESCROW:** No Deposit in Escrow.

SELLER INITIALS:

BUYER INITIALS:

_____
Ashley Esquivel

Cedeno Real Estate Innovations, LLC., a California Limited Liability Company, and/or assignee

_____
Todd Diedrich

By: _____
Roberto A Cedeno Jr. , Managing Member

~ 1 ~

Concierge
Escrow Service, Inc.

**DEPOSIT OF CLOSING FUNDS:**  Pursuant to Federal Regulations and the California Insurance Code, all funds deposited for close of escrow by parties hereto **MUST** be in one of the following forms:  1) Direct electronic "wire" transfer into escrow trust account for amounts of $1,000.00 or more (please contact Escrow Holder for wiring instructions).  Bank charges for wire transfers shall be paid by the party for whose benefit the wire transfer is made.

**ADDITIONAL TERMS, CONDITIONS AND INSTRUCTIONS:**

A)  **RESTATED ITEMS:**     The following items are restated for clarification purposes only:

**ALL CASH TRANSACTION:** All parties herein acknowledge and agree that this is an "All Cash" transaction and no financing will be secured on the subject property. Escrow Holder will not be recording any Deeds of Trust at close of escrow. Buyer is also aware that the Escrow Holder does not prepare nor record accommodation deeds at closing. The Buyer herein is purchasing the subject property in its present physical condition and without any other representation by Seller, broker, real estate agent or Escrow Holder.

**BROKER DISCLOSURE:** Seller is aware that Buyer is a Licensed Real Estate Agent acting as a principal in this transaction.

**NO REAL ESTATE BROKER INVOLVED:** Buyer and Seller hereby certify that these escrow instructions are the only contract between them; that there are NO Real Estate Brokers involved in this transaction and therefore NO Purchase Agreement and Receipt for Deposit has been written, and NO commissions will be paid through this escrow.

**OCCUPANCY:**  It is understood property will be Buyer's **Investment.**

**POSSESSION:** Possession is to be given on recording day.

SELLER INITIALS:                                                                    BUYER INITIALS:

_____
Ashley Esquivel

Cedeno Real Estate Innovations, LLC., a California Limited
Liability Company, and/or assignee

_____
Todd Diedrich

By: _____
Roberto A Cedeno Jr., Managing Member

**NATURAL HAZARD DISCLOSURE REPORT INCLUDING TAX INFORMATION:**  Buyer to be provided a natural hazard disclosure report for the benefit of the Buyer.  Sole responsibility is to debit the respective party at the close, per billing submitted herein. The invoice for the same shall be paid from funds due the **Seller .**

**CONDITION OF PROPERTY:** The Buyer's have made a personal inspection of the subject property and are purchasing same in its present condition, on their own responsibility and not on the representation of the Seller, Broker and/or Agents. Escrow Holder, Seller, Broker and/or Agents are hereby relieved from any liability and/or responsibility as to the present condition of said property.

B)  **CHANGES, SUPPLEMENTS AND/OR ADDITIONS:**    FURTHER, NOTWITHSTANDING ANY PROVISIONS CONTAINED TO THE CONTRARY IN THE REAL ESTATE PURCHASE CONTRACT AND ANY COUNTER OFFERS, ADDENDUMS OR SUPPLEMENTS THERETO, the following provisions are changed, supplemented and/or added:

**ARCHIVE ADMINSTRATION FEE:**  Parties hereto are aware that Escrow Holder.  is charging a mandatory archive administration fee which is utilized to store the entire escrow file for the  5 years term as mandated by the Department of Financial Protection and Innovation.

**BUYER/SELLER CLOSING COST:**  Buyer herein agrees to pay the following fees and charges through escrow including but not limited to recording fees, notary fees, wire transfer fees.  Owner's Policy of title insurance, escrow fees, documents preparation fees, County/City transfer tax, Federal Express and/or delivery fees, courier fees, fax fees, commissions, property disclosure reports and any and all additional fees and/or charges as may be a result of this transaction and obtaining the necessary documentation to complete same.  All parties herein are aware that the Seller may or may not be paying and escrow fee that is less than our customary fee at the close of escrow.

Buyer herein agrees to pay the following fees and charges through escrow, including but not limited to recording fees, notary fees, lenders ALTA Policy of title insurance, lenders fees as required, Federal Express and/or delivery fees, courier fees, wire transfer fees, escrow fees, documents preparation fee and any and all additional fees and/or charges as may be a result of this transaction and obtaining the necessary documentation to complete same.  All parties herein are aware that the seller may or may not be paying and escrow fee that is less than our customary fee at the close of escrow.

C)  **NOTARY FEE DISCLOSURE:**  The principal(s) herein have the option of paying their notary, notary signup and/or notary travel fees at the time service is provided or to pay said billing through escrow, with cost of same being charged to principal(s) for disbursement at close of escrow.  Principal(s) herein understand that all billings submitted to escrow for notarial services must be approved in writing.  PLEASE DISCUSS FEES AND BILLING WITH YOUR NOTARIAL PROVIDED AT TIME OF SERVICE.  Please be advised that the fees charged by a notary by law are **$15.00** per signature, and additional fees may be incurred for travel, signup, accommodation, after normal-business-hour appointments and/or if signed outside of escrow.


SELLER INITIALS:                                                                                          BUYER INITIALS:


_____                    Cedeno Real Estate Innovations, LLC., a California Limited
Ashley Esquivel                                                              Liability Company, and/or assignee


_____
Todd Diedrich                                                           By: _____
                                                                                   Roberto A Cedeno Jr., Managing Member

*Concierge*
Escrow Service, Inc.

**NOTE:**  When signing outside of escrow assigned Notary MUST BE an approved notary by the Settlement Office.  Notary must be a licensed/active notary, must present certificate of notary, and must have at least **$1,000,000.00** in errors and omission coverage.  Loan documentation signed in escrow with Escrow Holder., during normal business hours, will be a flat fee of **$125.00**.

D)  **ESCROW FEES:**  Buyer agrees to pay all Escrow fees which may be incurred.

   **TITLE FEES:** Buyer agrees to pay all Title fees which may be incurred.

**ESCROW CANCELLATION FEE**:  As a condition of Escrow Holder accepting the Escrow Agency created by the instructions of this escrow, parties herein acknowledge their understanding and consent that regardless of the consummation of this transaction, if contingency period is still in effect.  Escrow Holder's minimum clerical fee for the preparation of these escrow instructions shall be no less than **$250.00**.  Buyer(s)  is aware that in the event this escrow is cancelled, after contingency period, Buyer(s)  shall pay a cancellation fee of **$750.00** to Escrow Holder.  Said cancellation fee to be deducted from funds on deposit upon written and/or verbal notice of cancellation by Lender or Buyer(s).   Seller(s) is aware that in the event this escrow is cancelled, Seller(s)  shall pay a cancellation fee of **$750.00** to Escrow Holder.  Said cancellation fee to be deposited upon written and/or verbal notice of cancellation by Seller(s). All parties further understand that additional fees may also be charged as a result of the cancellation of escrow.

**AUTHORIZATION TO CORRECT DEED:**  Upon final determination of Buyer's complete vesting, escrow holder is authorized and instructed to correct over Seller's signature, the grant deed you hold without further written authorization from seller.  This authorization is limited to the correction and completion of current Buyer's vesting, not the deletion or addition of other Buyers.

E)  **TIME PERIODS:**  THE FOLLOWING DATES ARE SET FORTH HEREIN FOR THE SOLE PURPOSE OF EXPRESSING AS AN ACTUAL DATE THE NUMBER OF DAYS IN WHICH A CONTINGENCY MUST BE APPROVED AND/OR DISAPPROVED, OR AN ITEM PROVIDED.  ESCROW HOLDER IS NOT RESPONSIBLE OR LIABLE FOR THE PERFORMANCE OF SAME IN ANY MANNER.

| DATE/CONTINGENCY/ITEM | CONTRACT PARAGRAPH # | DATE |
|---|---|---|
| CLOSE OF ESCROW ON OR BEFORE: | 3B | **January 27, 2025** |
| BUYER'S INITIAL DEPOSIT: | 3D (1) | **$0.00** |
| BALANCE OF DOWN PAYMENT: | 3F | **$525,000.00** |

SELLER INITIALS:                                                    BUYER INITIALS:

_____              Cedeno Real Estate Innovations, LLC., a California Limited
Ashley Esquivel                                                    Liability Company, and/or assignee


_____
Todd Diedrich                                             By: _____
                                                        Roberto A Cedeno Jr., Managing Member

F:) **TAX WITHHOLDING:**   1) Under the Foreign Investment in Real Property Tax Act (FIRPTA), IRC Section 1445, every Buyer must, unless an exemption applies, deduct and withhold up to fifteen percent (15%) of the gross sales price from Seller's proceeds and send it to the Internal Revenue Service, if the Seller is a "foreign person" under that statute.  2) In addition, under California Revenue and Taxation Code Section 18662, every Buyer must, unless an exemption applies, deduct and withhold 3 1/3% of the gross sales price from Seller's proceeds and send it to the Franchise Tax Board (FTB): If the subject property is not Seller's principal residence, or if the Seller is a corporation with no permanent place of business in California. 3) Penalties may be imposed on a responsible party for non-compliance with the requirements of these statutes and related regulations.  Seller and Buyer agree to execute and deliver any instrument, affidavit, statement, or instruction reasonably necessary to carry out these requirements, and to withholding of tax under those statutes if required.  (SELLER'S AFFIDAVIT OF NON-FOREIGN STATUS AND/OR CALIFORNIA RESIDENCY (C.A.R Form AS-14), OR BUYER'S AFFIDAVIT (C.A.R. Form AB-11), IF APPLICABLE, SHALL SATISFY THESE REQUIREMENTS.) **4. PARTIES ARE ADVISED TO SEEK TAX AND LEGAL COUNSEL REGARDING THE APPLICABILITY AND EFFECT OF THESE TAX WITHHOLDING REQUIREMENTS WITH RESPECT TO THIS TRANSACTION.**

G) **FACSIMILE SIGNATURES:**  In the event any party utilizes "Facsimile" transmitted signed instructions to Escrow Holder, you are to rely on same for all escrow instruction purposes and the closing of escrow as if they bore original signatures.  Said party shall provide to Escrow Holder, **within 72 hours after transmission, original signatures.  Notwithstanding the foregoing, any and all escrow instructions pertaining to the release or disbursement of funds from escrow prior to close of escrow requires original, NOTARIZED signatures.**  Parties herein are advised that documents with non-original signatures may not be accepted for recording by the County Recorder, thus making impossible the closing of this escrow without the submission of original documents.

H) **SPECIAL RECORDING NOTICE:**  In the event the documents in this escrow are recorded as a "SPECIAL RECORDING", i.e. subsequent to 8:00 a.m., Buyer and Seller are aware and approve that funds may not or will not be available for disbursement for the payment of liens, proceeds or commissions until the following business day, and that no interest will be earned on such funds. **Escrow Holder, Broker(s) and their Agent(s) are hereby indemnified, held harmless and released from any and all liability and/or responsibility for recording the documents as a "SPECIAL RECORDING" and for any additional interest/penalties to be paid to lender(s) and/or other hardships that may be suffered by any party as a result of said "SPECIAL RECORDING."**

I) **FUNDS HELD AT CLOSE OF ESCROW:**  Notwithstanding any other provisions in these escrow instructions and in addition to other fees and costs to which you may be entitled, the parties, jointly and severally, agree that if this escrow is not consummated within ninety (90) days of the date set for closing, you are instructed to, and without further instructions, withhold your escrow hold open fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds.  The parties, jointly and severally, further agree that if you are, for any reason, required to hold funds after close of escrow, you are instructed to, and without further instructions, withhold an escrow fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds.  The parties irrevocably instruct you to automatically cancel this file without further instructions when all funds on deposit have been disbursed.

J) **RETURNED CHECKS/ VOID CHECKS POLICY:**  Notwithstanding any other provision in these escrow instructions and in addition to other fees and costs to which you may be entitled, the parties, jointly and severally, agree that if this escrow receives back any returned checks and/or voided checks after a (90) days of the closing date, you are authorized to and without further instructions, withhold a reissuing fee of **$24.00** per occurrences.   The parties irrevocably authorize escrow holder to proceed with this instruction.

SELLER INITIALS:                                                                                 BUYER INITIALS:

_____                    Cedeno Real Estate Innovations, LLC., a California Limited
Ashley Esquivel                                                           Liability Company, and/or assignee


_____
Todd Diedrich                                                           By: _____
                                                                                    Roberto A Cedeno Jr., Managing Member

Concierge
Escrow Service, Inc.

**COSTS OF ESCROW:**  In addition to other costs and charges set forth in these escrow instructions, Seller agrees to pay on demand, whether or not this escrow closes, all expenses and charges incurred by you on Seller's behalf, including, but not limited to, charges for preliminary title reports, title reports, title commitments, policies of title insurance, beneficiary statements, beneficiary demands, offset statements, documentary transfer tax stamps, preparation of notarizing and recording of documents necessary on Seller's behalf, Seller's escrow fee and other costs as charged.  In addition to the other costs and charges set forth in these escrow instructions, Buyer agrees to pay on demand, whether or not this escrow closes, all expenses and charges incurred by you on Buyer's behalf, new loan charges, existing loan assumption and transfer fees, sub-escrow fees, lender's policy of title insurance, fire insurance premiums, Buyer's escrow fee and other costs as charges.  **Buyer to pay all escrow fees.**

**PRORATIONS:**  All prorations, including but not limited to, property tax or HOA dues  shall be as of CLOSE OF ESCROW.

**SUPPLEMENTAL TAX INFORMATION:**  The tax assessor has the right to reassess the subject property AFTER close of escrow and issue a supplemental tax bill to the buyer who shall be solely responsible for  same.  In the event the SELLER receives a supplemental tax bill for prior tax year(s) before close of escrow, charge seller's account.  Supplemental tax bills for any tax period prior to close of escrow is the sole responsibility of the seller.  If any such supplemental tax bill has been issued for this current tax year, IT IS THE SELLER'S RESPONSIBILITY TO FORWARD SAID BILL TO THE NEW BUYER, AND THE BUYER'S RESPONSIBILITY FOR PAYMENT OF SAME.  In such event said supplemental bill will be added to the current tax bill and prorated accordingly at close of escrow.  TAX BILLS ISSUED AFTER THE CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER.

\* \* \* \* \* \* \* \* \* \* \* \* \*

**BY SETTING FORTH HIS/HER FULL AND COMPLETE SIGNATURE HEREINBELOW AND BY INITIALING ALL OTHER PAGES, INCLUDING THE LAST THREE PAGES ENTITLED "GENERAL PROVISIONS", AS INDICATED THEREON, ("EXECUTION") EACH PARTY TO THIS ESCROW ACKNOWLEDGES RECEIPT OF SAME AND AGREES THAT SUCH EXECUTION SHALL BE DEEMED HIS/HER FULL ACCEPTANCE AND APPROVAL OF, CONCURRENCE IN, AND AGREEMENT TO BE BOUND BY, ALL OF THE TERMS, PROVISIONS, CONDITIONS, CONTINGENCIES, INSTRUCTIONS AND AGREEMENTS CONTAINED HEREIN, IN THEIR ENTIRETY.**

SELLER SIGNATURE:                                          BUYER SIGNATURE:

_____              Cedeno Real Estate Innovations, LLC., a California Limited
Ashley Esquivel                                               Liability Company, and/or assignee

_____
Todd Diedrich                                               By: _____
                                                              Roberto A Cedeno Jr., Managing Member

~ 6 ~

Escrow Service, Inc.

## ADDITIONAL ESCROW INSTRUCTIONS AND PROVISIONS

1.  **The parties to this escrow are made aware that Escrow Holder has no obligation to verify signatures of any of the parties involved.**

2.  You shall not be responsible for the following:  (1) the sufficiency or correctness as to form, manner of execution or validity of any documents deposited in this escrow:  (2) the identity, authority, or right of any person executing the same, either as to documents of record or those handled in the escrow:  or (3) the failure of any party to comply with any of the provisions of any agreement, contract or other instrument filed or deposited in this escrow or referred to in those escrow instructions.  Your duties shall be limited to the safekeeping of money and documents received by you as Escrow Holder and for the disposition in compliance with the written instructions accepted by you in this escrow.  You shall not be required to take any action regarding the collection, maturity, or apparent outlaw of any obligations deposited with you unless otherwise instruction in writing.

3.  Where the assignment of any insurance policy from Seller to Buyer is concerned, Seller guarantees to you any insurance policy handed you in this escrow is policy in force, the policy has not been hypothecated and that all necessary premiums have been paid.  You are authorized to execute on behalf of the parties assignments of interest in any insurance policy (other than title insurance policies) called for in this escrow, you are authorized to transmit for assignment any insurance policy to the insurance agent requesting that the insurer consent to such assignment, to request that a loss payee clause or such other endorsements as may be required be issued and to forward such policy to the lenders and entitled parties.  You shall not be responsible for verifying the acceptance of the request for assignment and policy of insurance by the insurance company.  The parties mutually agree that you will make no attempt to verify the receipt of the request for assignment by the issuing insurance company.  All parties are placed on notice that if the insurance company should fail to receive the assignment, the issuing company may deny coverage for any loss suffered by Buyer.  IT IS THE OBLIGATION OF THE INSURED OR THE INSURED'S REPRESENTATIVE TO VERIFY THE ISSUING COMPANY'S ACCEPTANCE OF THE ASSIGNMENT OF THE POLICY.

4.  You are not to be held responsible in any way whatsoever for any personal property tax which may be assessed against any former or present owner of the subject property described in these escrow instructions, nor for the corporation or license tax of any corporation as a former or present owner.

5.  If it is necessary, proper or convenient for the consummation of this escrow, you are authorized to deposit or have deposited funds or documents, or both, handed you under these escrow instructions with any duly authorized sub-escrow agent, including, but not limited to, any bank, trust company, title insurance company, title company, savings and loan association, or licensed escrow agent, subject to your order at or before close of escrow in connection with closing this escrow.  Any such deposit shall be deemed a deposit under the meaning of these escrow instructions.

6.  The parties to this escrow have satisfied themselves outside of escrow that the transaction covered by this escrow is not in violation of the Subdivision Map Act or any law regulation land division, zoning ordinances or building restrictions which may affect the land or improvements that are the subject of this escrow.  You, as escrow holder, are relieved of all responsibility and liability in connection with such laws, ordinances, restrictions or regulations and are not to be concerned with any of their enforcement.

7.  If any form of Purchase Agreement of amendment or supplement (collectively "Purchase Agreement") is deposited in this escrow, it is understood that such document shall be effective only as between the parties signing the Purchase Agreement.  You, as Escrow Holder, are not to be concerned with the terms of any Purchase Agreement and are relieved of all responsibility for the enforcement of its terms.  Your only duty is to comply with the instructions set forth in the escrow instructions.  You are not responsible for interpreting or acting on any provision of any Purchase Agreement on which these escrow instructions may be based and you shall not rely on any knowledge or understanding you may have of any such Purchase Agreement in ascertaining or performing your duties as Escrow Holder.  In connection with any loan transaction, you are authorized to deliver a copy of any Purchase Agreement, supplement or amendment and a copy of all escrow instructions, supplements or amendments to the lender.

8.  You shall make no physical inspection of the real property or personal property described in any instruments deposited in, or which is the subject of this escrow.  You have made no representations or warranties concerning any such real property or personal property and are not to be concerned with nor liable for the condition of real property or personal property.

9.  The parties authorize the recordation of any instrument delivered through this escrow if necessary or proper for the issuance of the required policy of title insurance or for the closing of this escrow.  Funds, instructions or instruments received in this escrow may be delivered to, or deposited with any title insurance company or title company to comply with the terms and conditions of this escrow.

10. You are to use your usual document forms or the usual forms of any title insurance company or title company and in our instructions insert dates and terms on the instruments if incomplete when executed.

Escrow Service, Inc.

11. If the date by which Buyer's or Seller's performances are due shall be other than your regular business day, such performances shall be due on your next succeeding business day.

12. You shall conduct no lien or title search of personal property regarding the sale or transfer of any personal property through this escrow. Should the parties desire that you conduct a lien or title search of personal property, the parties requesting the same shall deliver separate and specific written escrow instructions to you along with an agreement to pay your additional escrow fees.

13. You shall not be responsible in any way whatsoever nor are you to be concerned with any question of usury in any loan or encumbrance, whether new or of record, which may arise during the processing of this escrow.

14. The parties agree to deliver to you all documents, instruments, escrow instructions and funds required to process and close this escrow in accordance with its terms.

15. You are instructed to provide title to the subject real property in the condition identified in the escrow instructions by the parties. You are not responsible for the contents or accuracy of any beneficiary demands and/or beneficiary statements delivered to you by the existing lienholders. You are not required to submit any such beneficiary statement and/or demand to the parties for approval before the close of escrow unless expressly instructed to do so in writing. Should the parties desire to pre-approve any such beneficiary statement and/or demand, the parties requesting the same shall deliver separate and specific written escrow instructions to you.

16. You are not to be responsible in any way whatsoever nor to be concerned with the terms of any new loan or the content of any loan documents obtained by any party in connection with this escrow except to order such loan documents into the escrow file, transmit the loan documents to Buyer for execution and transmit the executed loan documents to lender. The parties understand and agree that you are not involved nor concerned with the approval and/or processing of any loan or the contents and effect of loan documents prepared by a lender.

17. The parties expressly indemnify and hold you harmless against third-party claims for any fees, costs or expenses where you have acted in good faith, with reasonable care and prudence and/or in compliance with these escrow instructions. You are not required to submit any such beneficiary statement and/or beneficiary demand to the parties for approval before the close of escrow unless expressly instructed to do so in writing. Should the party(ies) desire to pre-approve any such beneficiary statement and/or beneficiary demand, the party(ies) requesting the same shall deliver separate and specific written escrow instructions to you.

18. The Federal Tax Reform Act of 1986, as amended, and the California Revenue & Taxation Code, require certain transactions to be reported to the Internal Revenue Service and the California State Franchise Tax Board. In those transactions Seller will furnish a correct tax identification number to you so you can report this transaction as required by law. Seller understands that Seller may be subject to civil or criminal penalties for failure to do so.

19. The parties agree that you have the responsibilities of an Escrow Holder only and there are no other legal relationships established in the terms and conditions of the escrow instructions. In connection with this escrow: (1) You shall have no duty or responsibility of notifying any of the parties to this escrow of any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property; (2) You shall have no responsibility or duty to disclose any benefit, including, but not limited to financial gain, realized by any person, firm or corporation involving any of the subject real property or personal property; and (3) You shall have no responsibility or duty to disclose any profit realized by any person, firm or corporation including, but not limited to, any real estate broker, real estate sales agent and/or a party to any other escrow, in connection therewith, although such other transaction may be handled by you in this escrow or in another escrow transaction. If, however, you are instructed in writing by any party, Lender or other entitled person to disclose any sale, resale, loan, exchange or other transaction involving any of the subject real property or personal property or any profit realized by any person, firm or corporation to any party to this escrow, you shall do so without incurring any liability to any party. You shall not be liable for any of your acts or omissions done in good faith nor for any claims, demands, losses or damages made or suffered by any party to this escrow, excepting such as may arise through or be caused by your willful neglect or gross misconduct.

20. Buyer acknowledges that pursuant to the California Revenue & Taxation Code a Change of Ownership form is required by the county recorder to be completed and affixed to any documents submitted for recording which evidence a conveyance of title. The Change of Ownership form shall be furnished to Buyer by you for Buyer's completion and execution. Buyer is aware that if Buyer does not complete the form in full, sign and return it to you before closing, a penalty will be assessed by the county recorder. If the Change of Ownership form is not filed after the close of escrow within the time limits set forth by the county recorder, severe additional penalties will be assessed against the Buyer.

**For information and assistance in completing the Change of Ownership form, Buyer may contact the County Recorder and Assessors offices in the county in which the subject property is located.**

Escrow Service, Inc.

21. The parties shall cooperate with you in carrying out the escrow instructions they deposit with you and completing this escrow. The parties shall deposit into escrow, upon request, any additional funds, instruments, documents, instructions, authorizations, or other items that are necessary to enable you to comply with demands made on you by third parties, to secure policies of title insurance, or to otherwise carry out the terms of their instructions and close this escrow. If conflicting demands or notices are made or served upon you or any controversy arises between the parties or with any third person arising out of or relating to this escrow, you shall have the absolute right to withhold and stop all further proceedings in, and in performance of, this escrow until you receive written notification satisfactory to you of the settlement of the controversy by written agreement of the parties, or by the final order or judgment of a court of competent jurisdiction.

All of the parties to this escrow, jointly and severally, promise to pay promptly on demand, as well as to indemnify you and to hold you harmless from and against all administrative governmental investigations, audit and legal fees, litigation and interpleader costs, damages, judgments, attorneys' fees, arbitration costs and fees, expenses, obligations and liabilities of every kind (collectively "costs") which in good faith you may incur or suffer in connection with or arising out of this escrow, whether said costs arise during the performance of or subsequent to this escrow, directly or indirectly, and whether at trial, or on appeal, in administrative action, or in an arbitration. You are given a lien upon all the rights, titles and interests of the parties and all escrow papers and other property and monies deposited into this escrow to protect your rights and to indemnify and reimburse you. If the parties do not pay any fees, costs or expenses due you under the escrow instructions or do not pay for costs and attorneys' fees incurred in any litigation, administrative action and/or arbitration, on demand, they each agree to pay a reasonable fee for any attorney services which may be required to collect such fees or expenses, whether attorneys' fees are incurred before trial, at trial, on appeal or in arbitration.

22. ALL NOTICES, DEMANDS AND INSTRUCTIONS MUST BE IN WRITING. No notice, demand, instruction, amendment, supplement or modification of these escrow instructions shall be of any effect in this escrow until delivered in writing to you and mutually executed by all parties.

Any purported oral instruction, amendment, supplement, modification, notice or demand deposited with you by the parties or either of them shall be ineffective and invalid. You are to be concerned only with the directives expressly set forth in the escrow instructions, supplements and amendments thereto, and are not to be concerned with nor liable for items designated as "memorandum items" in the escrow instructions. These escrow instructions may be executed in counterparts, each of which shall be deemed an original regardless of the date of its execution and delivery. All such counterparts together shall constitute the same document.

The parties acknowledge and understand that you, as Escrow Holder, are not authorized to practice the law nor do you give financial advice. The parties are advised to seek legal and financial counsel and advice concerning the effect of these escrow instructions. The parties acknowledge that no representations are made by you about the legal sufficiency, legal consequences, financial effects or tax consequences of the within escrow transaction.

23. Notwithstanding any other provisions in these escrow instructions and in addition to other fees and costs to which you may be entitled, the parties, jointly and severally, agree that if this escrow is not consummated within ninety (90) days of the date set for closing, you are instructed to, and without further instructions, withhold your escrow hold open fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds. The parties, jointly and severally, further agree that if you are, for any reason, required to hold funds after close of escrow, you are instructed to, and without further instructions, withhold an escrow fee of $50.00 per month from the funds on deposit with you regardless of who deposited such funds. The parties irrevocably instruct you to automatically cancel this file without further instructions when all funds on deposit have been disbursed.

24. Your Escrow Holder agency shall terminate six (6) months following the date last set for close of escrow and shall be subject to earlier termination by receipt by you of mutually executed cancellation instructions. If this escrow was not closed or cancelled within the described six (6) month period, you shall have no further obligations as Escrow Holder except to disburse funds and documents pursuant to written escrow instructions and to interplead or otherwise dispose of funds and documents in accordance with a validly issued and validly served order from a court of competent jurisdiction. If the conditions of this escrow have not been complied with at the expiration date in these escrow instructions, you are instructed to complete the conditions at the earliest possible date, unless Buyer or Seller have made written demand upon you for the return of the funds and/or instruments deposited by Buyer or Seller and/or for cancellation of this escrow.

Should demands be made upon you, you may withhold and stop all further proceedings in this escrow without liability for interest on funds held or for damages until mutual cancellation instructions signed by all parties shall have been deposited with you. The parties, jointly and severally, agree that if this escrow cancels or is otherwise terminated and not closed, the parties shall pay for any costs and expenses which you have incurred or have become obligated for under these escrow instructions, including, but not limited to, attorneys' fees, arbitration fees and costs and reasonable escrow fees for the services rendered by you, the parties agree that such costs and expenses shall be paid and deposited in escrow before any cancellation or other termination of this escrow is effective. The parties agree that said charges for expenses, costs and fees may be apportioned between Buyer and Seller in a manner which, in your sole discretion, you consider equitable, and that your decision will be binding and conclusive upon the parties. Upon receipt of mutual cancellation

~ 9 ~

instructions or a final order or judgment of a court of competent jurisdiction with accompanying writs of execution, levies or garnishments, you are instructed to disburse the escrow funds and instruments in accordance with such cancellation instruction, order or judgment and accompanying writ and this escrow shall, without further notice be considered terminated and cancelled.  It is understood that if Escrow Holder is to attend to any Court(s) a reasonable fee is to be rendered to Escrow Holder PRIOR to any disbursement made.

25. If any check submitted to you is dishonored upon presentment for payment, you are authorized to notify all parties to the within escrow, their respective real estate brokers and real estate agents and any other person or entity you deem in you sole discretion necessary to notify.

26. The parties agree to release you from any and all liability of any kind or nature and to indemnify you from any loss, damages, claims, judgments or costs of any kind or nature resulting from or related to the release or discharge of hazardous or toxic wastes on the subject property whether it occurred in the past or present or may occur in the future which release or discharge is in violation of law, in excess of any state and federal standards, permit requirements and/or disclosure requirements existing at this time or which may exist at a future time.  The parties represent that they made their own assessment of the condition of the subject property and have not relied on any of your representations in making the assessment.  The parties are advised to seek independent legal and technical environmental expert advice in assessing the risks associated with potential hazardous or toxic wastes.

27. In these escrow instructions, wherever the context so requires, the masculine gender includes the feminine and/or neuter and the singular number includes the plural.

28. You are authorized to destroy or otherwise dispose of any and all documents, papers escrow instructions, correspondence and records or other material constituting or pertaining to this escrow at any time after five (5) years from the date of:  (1) the close of escrow:  (2) the date of cancellation: or (3) the date of the last activity without liability and without further notice to the parties.

29. **HOLD HARMLESS CLAUSE:**  The parties hereto have been advised to seek legal counsel of their choice regarding the terms and conditions of this transaction and, therefore, indemnify and hold Escrow Holder harmless from any litigation, claims or acts which may arise directly or indirectly by reason of this escrow.

30. The parties to these escrow instructions understand that it is impossible for Concierge Escrow to completely protect said parties from exposure to COVID-19 or other similar viruses and germs (hereinafter collectively referred to as "Viruses").  The parties to these escrow instructions agree to waive and release Concierge Escrow and its employees and agents from any and all liability and damages associated with said parties exposure and/or contraction of any Viruses due to meeting with Concierge Escrow or entering the premises of Concierge Escrow.  The parties to these escrow instructions understand that their agreement to this  provision is an express condition of Concierge Escrow's agreement to perform and provide them with escrow services and products.

31. Unless otherwise provided herein, Escrow Holder is not to be concerned with any conditional sales contract, lease contract, or security agreement that may affect the herein referred to personal property, and is not responsible for the delivery of any papers other than those described herein. Escrow Holder is not a party to, or bound by any agreement which may be deposited hereunder, evidenced by or that may arise out of these instructions.

SELLER SIGNATURE:                                                                                    BUYER SIGNATURE:

_____                                    Cedeno Real Estate Innovations, LLC., a California Limited
Ashley Esquivel                                                                                 Liability Company, and/or assignee

_____
Todd Diedrich                                                                                    By: _____
                                                                                                           Roberto A Cedeno Jr., Managing Member

Escrow Service, Inc.

# EXHIBIT C

*Concierge*
Escrow Service, Inc.

## Concierge Escrow Service Inc.

12440 Firestone Boulevard
Suite 206
Norwalk, CA 90650
(949) 954-6571

# Seller's Estimated Closing Statement

| | | | |
|---|---|---|---|
| **Property** | 12914 2nd Street | **Escrow Officer** | Letty Ascencio |
| | Unit 1 | **Seller** | Ashley Esquivel and Todd Diedrich |
| | Yucaipa, CA 92399-5639 | | |
| **Escrow #** | 12538-LA | | |
| **Title #** | SC-13127-JL | | |

| | | |
|---|---|
| **Prepared** | 02/06/2025 |
| **Closing** | 01/27/2025 |
| **Disbursement Date** | 01/27/2025 |
| **Title by** | SoCal Title Company |

| | Debit | Credit |
|---|---|---|
| **Primary Charges & Credits** | | |
| Sale Price of Property | | $525,000.00 |
| | | |
| **Prorations/Adjustments** | | |
| County Taxes ($2,946.35) 01/27/2025 to 07/01/2025 | | $2,504.40 |
| | | |
| **Payoffs/Payments** | | |
| Payoff to Deed of trust | | |
| Payoff to Lien | $417.50 | |
|   Principal : $346.50 | | |
|   Demand Fee: $71.00 | | |
| Payoff to San Berardino County Tax Collector | $2,219.65 | |
|   Principal : $2,219.65 | | |
| Payoff to Lien | | |
| Payoff to Lien | | |
| | | |
| **Government Recording and Transfer Charges** | | |
| Recording Fee - Deed | $75.00 | |
| County Transfer Tax (Deed) to San Bernardino County Recorder's Office | $577.50 | |
| | | |
| **Miscellaneous Charges** | | |
| Property Taxes to San Bernardino County Tax Collector 2nd half 2024-2025 | $2,946.31 | |
| | **Debit** | **Credit** |
| **Subtotals** | **$6,235.96** | **$527,504.40** |
| Due to Seller | $521,268.44 | |
| **Totals** | **$527,504.40** | **$527,504.40** |

Acknowledgement
This is an estimate only and subject to change.
We/I have carefully reviewed the Settlement Statement and find it to be a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the Settlement Statement.
We/I authorize Concierge Escrow Service Inc. to cause the funds to be disbursed in accordance with this statement.

| | | | |
|---|---|---|---|
| _____ | | _____ | |
| Ashley Esquivel | Date | Settlement Agent | Date |
| | | | |
| _____ | | | |
| Todd Diedrich | Date | | |

# GhidottiBerger

**1920 Old Tustin Ave, Santa Ana, CA  92705**
**Tel: (949) 427-2010 | Fax: (949) 427-2732**
**www.GhidottiBerger.com**

Shannon Doyle **-BK Staff Atty, Esq.**
Email: sdoyle@ghidottiberger.com
bknotifications@ghidottiberger.com
**GB#** ██ 42-20
**Loan#** ██ 2045

February 12, 2025

Dear **Todd Diedrich, Ashley Esquivel,**

On behalf of our client Citadel Servicing Corporation.

Recoverable estimated and outstanding Fees & cost good through 03/11/2025 :
**$169,253.88**

| | | | |
|---|---|---|---|
| Subject: | **Loan #** ██ **2045 - 12914 2nd Street, Yucaipa, CA 92399** | | |
| Borrower: | **Ashley Esquivel & Todd Diedrich** | Next Payment Due Date: **01/01/2024** | |

| | | | |
|---|---|---|---|
| Principal Balance | As of 2/11/2025 | $ | 257,730.62 |
| Interest from @7.499% | **12/01/2023 - 07/31/2024** | $ | 12,884.81 |
| Interest from @9.499% | **8/1/2024 - 3/11/2025** | $ | 14,867.96 |
| Deferred Principal | | $ | 628.06 |
| Deferred Interest | | $ | 5,035.01 |
| Negative Escrow Balance | | $ | 2,321.82 |
| ***Loss Draft Balance (Credit) | | $ | (127,577.76) |
| Late Fee | | $ | 92.36 |
| Corporate Advances: **BK Fees & Costs** | | $ | 2,400.00 |
| Outstanding Recoverable Est. Legal Fees & Costs | | $ | 770.00 |
| Recording Fee | | $ | 101.00 |
| **Total Due:** | | $ | 169,253.88 |
| | | | |
| **Total Due:** | | **$** | **169,253.88** |

| Daily Interest | Interest Rate | Calculation |
|---|---|---|
| $52.9513 | 7.4990% | Daily Int=Princ Bal x Int Rate / 365 |

| Daily Interest | Interest Rate | Calculation |
|---|---|---|
| $67.0735 | 9.4990% | Daily Int=Princ Bal x Int Rate / 365 |

GB#2 ██ 0442

# EXHIBIT D

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Todd**　　　　　　　　**Diedrich** |
| | First Name　　Middle Name　　Last Name |
| Debtor 2 | **Ashley**　　　　　　　**Esquivel** |
| (Spouse, if filing) | First Name　　Middle Name　　Last Name |
| United States Bankruptcy Court for the: | **Central District of California** |
| Case number | **6:23-bk-12440-RB** |
| (if known) | |

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

# Schedule I: Your Income

**12/15**

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

| 1. | **Fill in your employment information.** | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| | If you have more than one job, attach a separate page with information about additional employers. | **Employment status** | ☐ Employed ☑ Not Employed | ☐ Employed ☑ Not Employed |
| | | **Occupation** | _____ | _____ |
| | Include part time, seasonal, or self-employed work. | **Employer's name** | _____ | _____ |
| | | **Employer's address** | _____ | _____ |
| | Occupation may include student or homemaker, if it applies. | | Number Street | Number Street |
| | | | _____ | _____ |
| | | | _____ | _____ |
| | | | City　　State　　Zip Code | City　　State　　Zip Code |
| | | **How long employed there?** | _____ | _____ |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions (before all payroll deductions.) If not paid monthly, calculate what the monthly wage would be. | 2. | $0.00 | $0.00 |
| 3. | Estimate and list monthly overtime pay. | 3. | + $0.00 | + $0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | 4. | $0.00 | $0.00 |

| Debtor 1 | **Todd** | | | **Diedrich** | |
|---|---|---|---|---|---|
| Debtor 2 | **Ashley** | | | **Esquivel** | |
| | First Name | Middle Name | | Last Name | |

Case number *(if known)* 6:23-bk-12440-RB

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| | Copy line 4 here................................................................➔ 4. | $0.00 | $0.00 |
| 5. | **List all payroll deductions:** | | |
| | 5a. **Tax, Medicare, and Social Security deductions** 5a. | $0.00 | $0.00 |
| | 5b. **Mandatory contributions for retirement plans** 5b. | $0.00 | $0.00 |
| | 5c. **Voluntary contributions for retirement plans** 5c. | $0.00 | $0.00 |
| | 5d. **Required repayments of retirement fund loans** 5d. | $0.00 | $0.00 |
| | 5e. **Insurance** 5e. | $0.00 | $0.00 |
| | 5f. **Domestic support obligations** 5f. | $0.00 | $0.00 |
| | 5g. **Union dues** 5g. | $0.00 | $0.00 |
| | 5h. **Other deductions.** Specify: _____ 5h. + | $0.00 + | $0.00 |
| 6. | **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h. 6. | $0.00 | $0.00 |
| 7. | **Calculate total monthly take-home pay.** Subtract line 6 from line 4. 7. | $0.00 | $0.00 |
| 8. | **List all other income regularly received:** | | |
| | 8a. **Net income from rental property and from operating a business, profession, or farm** | | |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. 8a. | $5,100.00 | $0.00 |
| | 8b. **Interest and dividends** 8b. | $0.00 | $0.00 |
| | 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. 8c. | $0.00 | $0.00 |
| | 8d. **Unemployment compensation** 8d. | $1,725.00 | $0.00 |
| | 8e. **Social Security** 8e. | $0.00 | $0.00 |
| | 8f. **Other government assistance that you regularly receive** | | |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. | | |
| | Specify: _____ 8f. | $0.00 | $0.00 |
| | 8g. **Pension or retirement income** 8g. | $0.00 | $0.00 |
| | 8h. **Other monthly income.** Specify: _____ 8h. + | $0.00 + | $0.00 |
| 9. | **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. 9. | $6,825.00 | $0.00 |
| 10. | **Calculate monthly income.** Add line 7 + line 9. Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse 10. | $6,825.00 + | $0.00 = |

10. = $6,825.00

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.

Specify: _____    11. + $0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income. Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information*, if it applies    12. $6,825.00

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**

☑ No.

☐ Yes. Explain: [                                        ]

| Debtor 1 | **Todd** | | **Diedrich** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Ashley** | | **Esquivel** | | Case number *(if known)* 6:23-bk-12440-RB |
| | First Name | Middle Name | Last Name | | |

8a. Attached Statement

## Business Income

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE: ONLY INCLUDE information directly related to the business operation.)

PART A - ESTIMATED AVERAGE FUTURE GROSS MONTHLY INCOME:

1.  Gross Monthly Income:      $1,300.00

PART B - ESTIMATED AVERAGE FUTURE MONTHLY EXPENSES:

2.  Payments to be Made Directly by Debtor to Secured Creditors for Pre-Petition
    Business Debts

    TOTAL PAYMENTS TO SECURED CREDITORS      $0.00

3.  Other Expenses

    TOTAL OTHER EXPENSES      $0.00

4.  TOTAL MONTHLY EXPENSES(Add item 2 - 21)      $0.00

PART C - ESTIMATED AVERAGE NET MONTHLY INCOME:

5.  AVERAGE NET MONTHLY INCOME(Subtract item 22 from item 1)      $1,300.00

| Debtor 1 | **Todd** | | **Diedrich** | | |
|---|---|---|---|---|---|
| Debtor 2 | **Ashley** | | **Esquivel** | | Case number *(if known)*  6:23-bk-12440-RB |
| | First Name | Middle Name | Last Name | | |

8a. Attached Statement

## Rental Income

| | | |
|---|---|---|
| 1. | Gross Monthly Income: | $3,800.00 |
| 2. | TOTAL EXPENSES | $0.00 |
| 3. | AVERAGE NET MONTHLY INCOME | $3,800.00 |

<table>
<tr><td colspan="2"><strong>Fill in this information to identify your case:</strong></td></tr>
</table>

| | | |
|---|---|---|
| Debtor 1 | **Todd**        **Diedrich** | |
| | First Name        Middle Name        Last Name | |
| Debtor 2 | **Ashley**        **Esquivel** | |
| (Spouse, if filing) | First Name        Middle Name        Last Name | |
| United States Bankruptcy Court for the: | **Central District of California** | |
| Case number (if known) | **6:23-bk-12440-RB** | |

Check if this is:

☑ An amended filing

☐ A supplement showing postpetition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

## Official Form 106J

## Schedule J: Your Expenses                                                    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

**1.  Is this a joint case?**

☐ No. Go to line 2.

☑ Yes. **Does Debtor 2 live in a separate household?**

   ☑ No

   ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2.*

**2.  Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☐ No

☑ Yes. Fill out this information for each dependent...............

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| Child | 10 | ☐ No. ☑ Yes. |
| Child | 15 | ☐ No. ☑ Yes. |
| Child | 12 | ☐ No. ☑ Yes. |
| Child | 11 | ☐ No. ☑ Yes. |
| | | ☐ No. ☐ Yes. |

**3.  Do your expenses include expenses of people other than yourself and your dependents?**

☑ No

☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

| | | Your expenses |
|---|---|---|
| 4.  The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. | $0.00 |
| If not included in line 4: | | |
| 4a.  Real estate taxes | 4a. | $0.00 |
| 4b.  Property, homeowner's, or renter's insurance | 4b. | $0.00 |
| 4c.  Home maintenance, repair, and upkeep expenses | 4c. | $150.00 |
| 4d.  Homeowner's association or condominium dues | 4d. | $0.00 |

| Debtor 1 | **Todd** | | **Diedrich** | |
|---|---|---|---|---|
| Debtor 2 | **Ashley** | | **Esquivel** | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 6:23-bk-12440-RB |

| | | **Your expenses** |
|---|---|---|

| | | | |
|---|---|---|---|
| 5. | **Additional mortgage payments for your residence,** such as home equity loans | 5. | $0.00 |
| 6. | **Utilities:** | | |
| | 6a. Electricity, heat, natural gas | 6a. | $0.00 |
| | 6b. Water, sewer, garbage collection | 6b. | $0.00 |
| | 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $300.00 |
| | 6d. Other. Specify: _____ | 6d. | $0.00 |
| 7. | **Food and housekeeping supplies** | 7. | $1,100.00 |
| 8. | **Childcare and children's education costs** | 8. | $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. | $150.00 |
| 10. | **Personal care products and services** | 10. | $150.00 |
| 11. | **Medical and dental expenses** | 11. | $225.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $450.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $0.00 |
| 14. | **Charitable contributions and religious donations** | 14. | $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| | 15a. Life insurance | 15a. | $0.00 |
| | 15b. Health insurance | 15b. | $0.00 |
| | 15c. Vehicle insurance | 15c. | $65.00 |
| | 15d. Other insurance. Specify: _____ | 15d. | $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. | $0.00 |
| 17. | **Installment or lease payments:** | | |
| | 17a. Car payments for Vehicle 1   2015 Ford F150 Supercrew Cab XLT | 17a. | $0.00 |
| | | 17b. | $0.00 |
| | 17b. Car payments for Vehicle 2 | 17c. | $0.00 |
| | 17c. Other. Specify: _____ | | |
| | 17d. Other. Specify: _____ | 17d. | $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5,** *Schedule I, Your Income* **(Official Form 106I).** | 18. | $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify: _____ | 19. | $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on** *Schedule I: Your Income.* | | |
| | 20a. Mortgages on other property | 20a. | $0.00 |
| | 20b. Real estate taxes | 20b. | $0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. | $0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. | $0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. | $0.00 |

| Debtor 1 | **Todd** | | **Diedrich** | |
|---|---|---|---|---|
| Debtor 2 | **Ashley** | | **Esquivel** | |
| | First Name | Middle Name | Last Name | Case number *(if known)* 6:23-bk-12440-RB |

---

**21.**  **Other.** Specify: _____Saving for move_____    **21.**  **+** _____$450.00_

**22.**  **Calculate your monthly expenses.**

22a. Add lines 4 through 21.    **22a.** _____$3,040.00_

22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2    **22b.** _____$0.00_

22c. Add line 22a and 22b. The result is your monthly expenses.    **22c.** _____$3,040.00_

**23.**  **Calculate your monthly net income.**

23a. Copy line 12 (your combined monthly income) from *Schedule I.*    **23a.** _____$6,825.00_

23b. Copy your monthly expenses from line 22c above.    **23b.** **–** _____$3,040.00_

23c. Subtract your monthly expenses from your monthly income.
The result is your *monthly net income.*    **23c.** _____$3,785.00_

**24.**  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☑ No.
☐ Yes.    None